## WICHITA FALLS & N. W. R. CO. v. GROVES, Adm'r.

No. 9913—Opinion Filed March 15, 1921.

(Syllabus.)

1. **Railroads — Street Crossings — Care Required—Safety Devices.**

The court may, under proper circumstances, submit to the jury the question whether ordinary care requires that a railroad company, when approaching a busy city street crossing, should take some further precaution for the protection of the public than the giving of the usual crossing whistle and the ringing of the engine bell, and whether ordinary care requires that the company maintain gates, a flagman, a system of automatic bells, or some other appliance to warn travelers of the approach of the train, although no statute or ordinance has required any of those particular precautions.

2. **Same — Signals at Crossings—Statutory Requirements.**

The statute which requires a railroad company to give certain signals at highway crossings was not intended to furnish a standard by which to determine in every case whether or not such company had failed to discharge its duty in respect to giving sufficient warnings to the traveling public of the approach of its trains. It was intended, rather, to prescribe the minimum of care which must be observed in all cases.

3. **Trial—Questions for Jury—Negligence—Action for Death.**

In an action for damages for death, where a given state of facts is such that reasonable men may differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury.

4. **Negligence—Question for Jury—Constitutional Provision.**

Article 23, sec. 6, of the Constitution of Oklahoma, is not merely declaratory of the common law, but requires that the defense of contributory negligence and assumption of risk as to questions of fact in all cases whatsoever shall at all times be left to the jury, and the finding of the jury upon this defense is conclusive upon the court.

5. **Railroads—Damages for Negligent Death—Instructions.**

An examination of the instructions discloses that the case was submitted to the jury under proper instructions, correctly stating the law applicable to the facts in the case at bar.

6. **Same — Sufficiency of Evidence — Last Clear Chance.**

From an examination of the evidence, held that there was sufficient evidence to submit the case to the jury upon the theory of the last clear chance.

Error from District Court, Jackson County: Frank Mathews, Judge.

Action by Jeannette K. Hartman against the Wichita Falls & N. W. Railway Company for negligent death of her husband. Upon death of plaintiff, action revived in name of Stephen S. Groves, administrator. Judgment for plaintiff, and defendant brings error. Affirmed.

T. M. Robinson and R. E. Taylor, for plaintiff in error.

Henshaw & Hough, S. B. Garrett, and Edwin Dabney, for defendant in error.

McNEILL, J. This action was commenced in the district court of Jackson county by Jeannette K. Hartman against the Wichita Falls & Northwestern Railway Company to recover damages for the death of her husband, killed by collision with one of defendant's trains at a crossing in the city of Altus.

The acts of negligence complained of were: First, the failure to maintain a flagman, watchman, or automatic bell or any other appliance at said crossing to warn the public of the approach of trains; said crossing being the principal thoroughfare into the city of Altus and a much-used crossing; second, negligence of the defendant in backing the train across the crossing on the switch track with no person preceding the train or riding on the rear end of the train as it approached the crossing; third,- that the operators of the train gave no warning of the approach of said train, neither ringing the bill nor blowing the whistle before reaching said crossing; fourth, that after discovering the automobile in which deceased was driving in a place of peril, the defendant did not use ordinary care in stopping the train to prevent the accident.

A brief summary of the facts may be stated as follows: The deceased, on the 13th day of November, 1916, was driving a Ford roadster enclosed with side curtains on Lee street in the city of Altus in company with Mr. Reeves. It was a cold day; the wind was blowing from the north; the deceased was driving closely behind another automobile at a rate of from four to ten miles per hour, and while crossing the switch track close to the main track, a train consisting of nine loaded freight cars was being backed on the switch track, and collided with the automobile on the crossing, pushing the automobile down the track approximately 30 feet, injuring and bruising deceased, from which injury he died the next day. Altus has a population of about 6,000, with the main part of the city on the north side of the track, and immediately south of the track on Lee street were industrial plants, to wit, compresses, mills, and elevator, and on the north side of the railroad track was an electric light and

power plant and some trees close to the track which obstructed the view of one approaching the railroad track from the north on Lee street, being the direction from which the defendant was approaching the railroad. The accident occurred about 1:30 o'clock in the afternoon, about the time of day the travel was generally the heaviest and the street the busiest.

Both sides agree, or at least argue in their briefs, that this was a dangerous crossing by reason of the light plant and some trees that obstructed the view of one approaching the tracks from the north. It is also admitted that the only precaution taken at this crossing to warn the public of approaching trains was to ring the bells on the engines of the different trains.

The jury returned a verdict in favor of plaintiff, and judgment was entered thereon, and the railroad company has appealed to this court. For reversal, it is first contended the evidence is insufficient to support the verdict and there is no evidence to support a finding that the railroad company was guilty of primary negligence. This assignment of error is not well taken. The evidence was sufficient upon three or four theories to submit the case to the jury. First, six or seven witnesses produced by the plaintiff, who were present and witnessed the accident, testified that they did not hear the bell ringing, nor did they hear any alarm given as the train approached the crossing. This evidence was contradicted by the persons in charge of the train, who contended the bell was rung. No one else testified that the bell was rung except those in charge of the train. It is contended, however, that the evidence of the plaintiff is simply negative evidence. This identical question was considered in the case of Zenner v. Great Northern R. Co. (Minn.) 159 N. W. 1087, where the court stated:

"There is evidence from which the jury might find that the train which caused a collision in this case approached without ringing a bell."

The evidence in this case was sufficient to submit this case to the jury upon another theory, to wit: Whether the railroad company used ordinary care for the protection of the traveling public at this crossing, and whether the ringing of the bell was a sufficient precaution, or whether ordinary care would require the company to maintain gates, flagman, a system of automatic bells, or some other appliance at said crossing. The court submitted this question to the jury in instruction No. 10, and in this we think there was no error. That this is a question for the jury was the holding of the Supreme Court of Minnesota in the case of

Zenner v. Great Northern R. Co., supra, where the court stated as follows:

"The court may, under proper circumstances, submit to the jury the question whether ordinary care requires that a railroad company, when approaching a busy city street crossing, should take some further precaution for the protection of the public than the giving of the usual crossing whistle and the ringing of the engine bell, and whether ordinary care requires that the company maintain gates, a flagman, a system of automatic bells, or some other appliance to warn travelers of the approach of the train, although no statute or ordinance has required any of those particular precautions."

The Supreme Court of the United States, in the case of Grand Trunk Railway Co. v. Ives, 144 U. S. 408, 38 L. Ed. 485, stated:

"Whether ordinary care or reasonable prudence requires a railroad company to keep a flagman stationed at a crossing that is especially dangerous is a question of fact for a jury; although in some cases it has been held to be a question of law for the court."

See, also, Illinois Central R. Co. v. Coley, (Ky.) 89 S. W. 234.

While it is true that section 1430, Rev. Laws 1910, requires the ringing of the bell or blowing of whistle as crossings are approached, and does not require the maintaining of flagman or automatic bells, or any other appliances to warn the public of approaching trains, yet it does not necessarily follow that it is not an act of negligence to fail to take other proper precaution at dangerous crossings that are much used in cities and towns. This court, in the case of M., K. & T. R. Co. v. Stanton, 78 Okla. 167, 189 Pac. 753, stated:

"The statute which requires a railroad company to give certain signals at highway crossings was not intended to furnish a standard by which to determine in every case whether or not such company had failed to discharge its duty in respect to giving sufficient warnings to the traveling public of the approach of its trains. It was intended rather to prescribe the minimum of care which must be observed in all cases."

The evidence also disclosed that in backing the train across the switch, the operators of the train were violating one of the rules of the company which required that the train should not be backed across a crossing unless some one was at the rear end of the train or preceding the train.

This court in a long line of decisions which are supported by the Supreme Court of the United States, in announcing when the ques-

tion of negligence should be submitted to the jury, stated as follows:

"When a given state of facts is such that reasonable men may fairly differ upon the question as to whether there was negligence or not, the determination of the matter is for the jury; but where the facts are such that all reasonable men must draw the same conclusion from them, the question of negligence is one of law for the court." · Grand Trunk R. Co. v. Ives, supra.

Measuring the evidence ·in the case at bar by this standard, there was sufficient evidence to submit the case to the jury, and the evidence is sufficient to support the verdict.

It is next contended that the court erred in submitting' the case to the jury for the reason the evidence is conclusive that plaintiff was guilty of contributory negligence, and therefore cannot recover. The uniform holding of this court in construing section 6, art. 23, of the Constitution has been that the question of contributory negligence is always a question of fact to be submitted to the jury. It is unnecessary to cite cases to support this contention, except ˙the recent case of Dickinson v. Cole, 74 Oklahoma, 177 Pac. 570, which followed a long line of decisions of this court supporting this contention and which case was appealed to the Supreme Court of the United States and .affirmed by that court (C., R. I. & P. R. Co. v. Cole, Administrator of Roberts, 251 U. S. 54). This should forever settle the contention that the question of contributory negligence is not always a question of fact for the jury in this state, and that the finding of the jury upon this question. is not conclusive upon the court.

˙The second, third, and fourth specifications of error refer to the giving of instructions 8, 9, and 10, given by the ·court. These instructions correctly stated the law of the case, as announced by the decisions heretofore referred to in this opinion.

The fifth contention is that the court did not instruct the jury or advise the jury on the meaning of ordinary care. We think this was unnecessary, and if the defendant desired the court to define the term ordinary care, it should have requested the court to give such an instruction, or tendered one to the court, and this it did not ˙do.

The sixth ·contention is that the court erred in giving instruction No. 13, which instruction properly submitted the case to the jury on the theory of the last clear chance. Defendant, however, contends that there was no evidence to justify the giving of this instruction. While it is true the engineer and those in charge of the train testified ˙they stopped the train as soon as possible after discovering the deceased in a place of peril, and that the train could not be stopped within less than 60 or 75 feet, and it was stopped within that distance, after they saw the deceased, but were unable to stop the train in time to avoid the accident, plaintiff produced a witness who had been an engineer, who testified the train loaded as ˙ this was and running at a rate of speed as testified to, to wit, four or five miles an hour, could be stopped within 15 to 30 feet. The evidence upon this question being conflicting, it was not error to submit this question to the jury, but it was the duty of the court to instruct ·the jury upon this question. There is sufficient evidence to support the verdict of the jury, and the instructions, considered as a whole, properly submitted the issues to the jury.

There being no prejudicial error apparent upon the face of the record, the judgment of the trial court is affirmed.

HARRISON, C. J., and PITCHFORD. ELTING, and NICHOLSON, JJ., concur.