Note.—See under (1) 39 Cyc. p. 1994; (2) 39 Cyc. p. 1996; (3) 39 Cyc. p. 1612.

---

## FOLSOM-MORRIS COAL MINING CO. v. SUPERIOR.

No. 14758—Opinion Filed May 26, 1925.

**1. Appeal and Error—Review—Conclusiveness of Verdict on Conflicting Evidence.**

Where the evidence in a case is conflicting, it is the duty of the court to submit the case to the jury, and the findings of the jury on the questions of fact will not be disturbed in this court, if there is any testimony reasonably tending to support the verdict.

**2. Negligence—Jury Questions — Contributory Negligence and Assumption of Risk.**

Under section 6, art. 23 (section 355, Williams' Ann. Ed.), Constitution of Oklahoma, the defense of contributory neligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall at all times, be left to the jury.

**3. Appeal and Error—Necessity for Exceptions—Instructions.**

This court will not notice objections to instructions given by the court or instructions refused where there are no exceptions saved in the record of the case.

(Syllabus by Maxey, C.)

Commissioners' Opinion. Division No. 1.

Error from District Court, Coal County; J. H. Linebaugh, Judge.

Action by Charles Superior against Folsom-Morris Coal Mining Company for damages resulting in the death of John R. Superior, son of plaintiff. There was judgment for the plaintiff, and defendant appeals. Affirmed.

Trice & Davidson, for plaintiff in error.

Moore & West, for defendant in error.

Opinion by MAXEY, C. This is an appeal from the district court of Coal county, in an action where Charles Superior, the plaintiff, sued the Folsom-Morris Coal Mining Company for damages occasioned by the death of John R. Superior, which occurred in defendant's mine, and plaintiff alleges that said death was caused by the carelessness and negligence of the defendant. The defendant is a domestic corporation engaged in the business of operating certain coal mines, one of which was known as mine No. 8 near Lehigh. Okla., and was operating a main north entry and No. 8½ slope in connection therewith. Plaintiff alleges that near the middle of the day John R. Superior, while riding a trip of loaded cars from No. 8½ slope to the main slope, about one-half way between said No. 8½ slope and the main shaft, and without any fault or negligence on his part, said trip ran into an empty coal car standing on said track, throwing said John R. Superior, deceased, against said coal car and crushing him between the motor and coal car, inflicting upon him fatal injuries from which he died about one hour later, and that the death of said John R. Superior was caused by the negligent acts of the defendant company in the following particulars, to wit:

"First. Because said main north entry was not the required width.

"Second. Because said defendant company had permitted dirt, slack, slate and rock to pile up against the sides, or ribs of said main north entry, so there was hardly enough room for the clearance of said coal cars.

"Third. That they permitted and allowed the light on the motor to become out of repair and was operating said trip without any light.

"Fourth. That they had failed to have said main north entry lighted with elec-

tricity every fifty feet as required by the rules and regulations of the mining department.

"Fifth. That the motor in use upon said trip was too light to handle a trip of said size and too light to control said trip while proceeding down grade.

"Sixth. That said motor trip was not equipped with brakes sufficient to hold and control said trip."

That the plaintiff is the father of John R. Superior and that he was wholly dependent upon him for support. That the deceased contributed a large part of his earnings to his father and a brother, Dan Superior, who was in poor health and dependent upon deceased for support. That the deceased was a young man 28 years of age and was receiving an average of $250 per month. No administrator was appointed. The plaintiff introduced James Brownlee and Victor Pertonia, who were companion workmen in the mine with said John R. Superior. These witnesses described the condition of the mine and the track on which the trip that John R. Superior was operating, which caused the accident. They stated that there was dirt, slack, rock, and slate piled up against the side of the main north slope where deceased was killed, and that at the time of the accident the motor was traveling at the usual rate of speed. That the trip on which deceased was riding at the time of the accident was coming from No. 8½ slope to the bottom of No. 8 mine. That said trip was loaded and was coming down grade when the accident happened. That at the point where the accident happened there was enough room at one side of the track for a man to get by to load cars; and that there was a trolley wire on the other side of the track, and that there were no electric lights on the motor that day. That there were no manholes along the entry at the point where the accident occurred. Charles Superior testified that he lived in Lehigh, was 65 years of age, was the father of John R. Superior. That John R. Superior was a single man and made his home with witness. That plaintiff is unable to do any manual labor and has not done any work for about 5 years; that John R. Superior made from $55 to $65 every two weeks and that he gave all of his pay to his father, but his father would usually return to him $35 or $40; that the deceased was 27 years of age at the time of his death, and that he died intestate, and that no administrator has ever been appointed on his estate. The defendant offered in evidence Emiel Roberts and John R. Brown, who testified that they were employed by the defendant company and were familiar with the circumstances connected with John R. Superior losing his life in No. 8 mine. That at the time he was killed, the witness, Emiel Roberts, was in another part of the mine, but saw the deceased bring in any empty trip about ten minutes prior to his death. That when deceased brought the trip in to the parting he made a flying switch and went into the run around and counted his cars. That deceased was at the time of the accident working as a nipper or brakeman on the motor. That the nipper is a brakeman and signals the motorman when to go and when to stop. He testified that there was no obstruction at the place of the accident that would prevent a man from getting off the motor. That it was a part of the duty of the brakeman, or nipper, to count his trip and see whether he had lost any cars. The nipper rode the empty cars coming in the mine and on the front end of the motor coming out. This is in substance the testimony offered in the case. The defendant in its answer pleaded assumed risk and contributory negligence.

The plaintiff in error, defendant below, has assigned seven errors, but states in the brief that it will consider Nos. 1, 2, and 3, together. It is contended by counsel for plaintiff in error that there was no proof to show that the entry was not the required width, nor any proof to show how wide the entry was required to be. There is a conflict in the testimony of the witness as to the space between the cars and the side of the shaft, and each of the witnesses explained that as best they could, but the defendant in error claims that the slope was not properly lighted, and that dirt, rocks, and slack had fallen down in places until there was barely room for a man to pass between the cars and the walls. The evidence strongly tends to show that the slope in which this accident occurred was not in good condition and, according to the witnesses for the plaintiff below, the place where the accident occurred was in very bad condition. While the witnesses for the defendant testified as to the general condition of the slope, neither one of them testified as to the space between the wall and the car at the point where the accident occurred and John R. Superior was killed. Under this state of the evidence, the case was properly submitted to the jury. Defendant pleaded assumed risk and contributory negligence; that plaintiff was not entitled to recovery because the deceased was guilty of

contributory negligence. That question was submitted to the jury. under instructions prepared by counsel for the defendant in connection with a general charge, and were as fair to the defendant as it could ask. No objections were saved by the defendant to any of the instructions asked, except the instructions which asked for a directed verdict. Article 23, sec. 6, of the Constitution of the state of Oklahoma, provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury."

This court has had this question before it a number of times, and we call attention to the case of Coalgate Co. v. Hurst, 25 Okla. 588, 107 Pac. 657, where the following rule was announced:

"While a person entering voluntarily into a contract of service assumes all the risks and hazards ordinarily incident to the employment and such as are liable to arise from defects which are patent and obvious to a person of his experience and understanding, he does not ordinarily assume risks arising out of the negligence of the master."

And again in the case of Wichita Falls & N. W. Ry. Co. v. Groves, reported in 81 Okla. 34, 196 Pac. 677, quoting from the syllabus, the court said:

"Article 23, section 6, of the Constitution of Oklahoma, is not merely declaratory of the common law, but requires that the defense of contributory negligence and assumption of risk as to questions of fact in all cases whatsoever shall at all times be left to the jury and the finding of the jury upon this defense is conclusive upon the court."

And in the body of the opinion the court uses this language:

"It is next contended that the court erred in submitting the case to the jury for the reason the evidence is conclusive that plaintiff was guilty of contributory negligence and therefore cannot recover. The uniform holding of this court in construing section 6, art. 23, of the Constitution, has been that the question of contributory negligence is always a question of fact to be submitted to the jury. It is unnecessary to cite cases to support this contention except the recent case of Dickinson v. Cole, 74 Okla. 79, 177 Pac. 570, which followed a long line of decisions of this court supporting this contention and which case was appealed to the Supreme Court of the United States and affirmed by that court. C., R. I. & P. Co. v. Cole, Administrator of Roberts. 251 U. S. 54, 40 Sup. Ct. 68, 64 L. Ed. 133. This should forever settle the contention that the question of contributory negligence is not always a question of fact for the jury in this state, and that the findings of the jury upon this question is conclusive upon the court."

In the case of Midland Valley Ry. Co. v. Goble, 77 Okla. 206, 186 Pac. 623, the court used the following language:

"A judgment, supported by the testimony of a single witness, will be sustained, notwithstanding several other witnesses testify to the contrary on a material point, as the Supreme Court will not weigh evidence against conflicting evidence."

It will be seen from the foregoing authorities that there are two questions involved in this case: First, that where there is a conflict in the testimony, it is the duty of the court to submit the question to the jury, and the findings of the jury on the questions of fact, if reasonably supported by the testimony, will not be disturbed by this court on appeal; and the second question is, that assumption of risk and contributory negligence are also questions for the jury, and that their findings on those questions of fact will not be disturbed if there is any evidence to sustain them. Applying these rules to the case at bar, we hold that the verdict of the jury is amply sustained by the evidence, and that the verdict rendered is not excessive, and that upon the whole case, the judgment of the trial court should be affirmed.

The plaintiff in error gave a supersedeas bond in this case, which is attached to the case-made, and counsel for defendant in error has asked in their brief that in the event said judgment is affirmed, a judgment be rendered on the supersedeas bond. It appears that the National Surety Company is the surety on the supersedeas bond. The judgment in this case was rendered on the 10th day of April, 1925, and under the statute bears six per cent. from date until paid. It is, therefore considered, ordered, and adjudged by the court, that judgment be entered in this court against the Folsom-Morris Coal Mining Company and the National Surety Company, for the sum of $2,000, with interest at six per cent. thereon from the 10th day of April, 1923, until paid, and the costs of this suit, for all of which let execution issue, precedent for judgment to be furnished the clerk of this court by counsel for defendant in error.

By the Court:    It is so ordered.

Note.—See under (1) 4 C. J. p. 859; 2 R. C. L. p. 194; 1 R. C. L. Supp. p. 433; 4 R. C. L. Supp. p. 90; 5 R. C. L. Supp. p. 79.    (2)    26 Cyc. p. 1478; 29 Cyc. p. 640; 20 R. C. L. 166; 3 R. C. L. Supp. p. 1040; 4 R. C. L. S. p. 1342; 5 R. C. L. Supp. p. 1085.    (3) 3 C. J. pp. 919, 927.