## STARNES et al. v. BROWN et al.

No. 22156. Opinion Filed Feb. 23, 1932.

Owen & Looney, Paul N. Lindsey, and J. Fred Swanson, for petitioners.

McCaffrey & Scanland, H. C. Thurman, Byrne A. Bowman, and Miley, Hoffman, Williams & France, for respondents.

KORNEGAY, J. This is an original proceeding to review an award of the Industrial Commission in favor of W. F. Brown, which award is as follows:

"Now, on this 12th day of February, 1931, the State Industrial Commission being regularly in session, this cause comes on for consideration, pursuant to hearings had at Oklahoma City, January 20, and 21, 1931, before Inspector H. O. Matchett, duly assigned to conduct said hearing; at these hearings the claimant appeared in person and by his attorneys, McCaffrey & Scanland; respondent H. K. Starnes and his insurance carrier were represented by W. B. Gunnels; respondent Prairie Oil Company and its insurance carrier were represented by the firm of Burford, Miley & Hoffman and Byrne A. Bowman; respondent Independent Constructing Crew not being represented; and a hearing at Oklahoma City on February 5, 1931, before Inspector Matchett, at which hearing the appearances were the same as the former hearing, except the U. S. F. & G. Company was not represented; and the Commission after examining the testimony taken at said hearing, all reports on file, and being well and sufficiently advised in the premises, make the following findings of fact:

"1. That on the 5th day of July, 1930, claimant was in the employment of respondent M. K. Starnes, primarily liable, and Prairie Oil & Gas Company, secondarily liable, and engaged in a hazardous occupation, subject to and covered by the provisions of the Workmen's Compensation Law, and that on said date, said claimant sustained an accidental injury arising out of and in in the course of his employment, consisting of injury to his back.

190

"2. That the average daily wage of claimant at the time of the injury was $6.

"3. That by reason of said accidental injury, the claimant was temporarily disabled from the date of the accident, July 5, 1930, to February 5, 1931, less the five-day waiting period and the period between August 5, 1930, to August 20, 1930, making the period for which he is entitled to compensation 27 weeks and five days, and at the rate of $18 per week, until further ordered by the Commission.

"4. That on the said 5th day of July, 1930, respondent H. K. Starnes was a subcontractor for the Prairie Oil Company, and is held primarily liable in this cause, the Prairie Oil Company being secondarily liable, both of whom were carrying industrial insurance under the provisions of the Workmen's Compensation Law for their workmen.

"The Commission is of the opinion: By reason of the foregoing facts, that respondent H. K. Starnes, or his insurance carrier, the U. S. F. & G. Company, is held primarily liable to the claimant, and respondent Prairie Oil Company or its insurance carrier, Century Indemnity Company, is held secondarily liable to the claimant for temporary total compensation at the rate of $18 per week, from July 5, 1930, to February 5, 1931, less the five-day waiting period, and 15 days he worked, from August 5th to August 20th, 1930, being 27 weeks and five days, amounting to $501, and to continue compensation at the rate of $18 per week until further ordered by the Commission.

"It is therefore ordered: That within 15 days from this date, H. K. Starnes, or his insurance carrier, the U. S. Fidelity & Guaranty Company, as primarily liable, or the Prairie Oil & Gas Company or its insurance carrier, the Century Indemnity Company, as secondarily liable, pay the claimant herein the sum of $501, being temporary total compensation computed from July 5, 1930, to February 5, 1931, being 27 weeks and five days, less the five-day waiting period and the 15 days the claimant worked, as above outlined, at the rate of $18 until further notified by the Commission; and to furnish any further medical care that may at this time be necessary, as result of aforementioned accidental injury.

"It is further ordered: That within 30 days from this date, the respondent or insurance carrier, or either of them, file with this Commission proper receipt or other report evidencing compliance with the terms of this order."

An appeal bond was made in the case, signed "H. K. Starnes, Principal," and by the Maryland Casualty Company, by W. Ledbetter Jones, its attorney, as surety, and appeal perfected March 11, 1931.

The contentions appear to be triangular. The Prairie Oil & Gas Company admitted that the claimant was in the employ of Starnes, and that Starnes and his insurance carrier are liable for the accident. However, they stand with the claim of Starnes and his insurance carrier in the contention that the evidence was not sufficient to allow $6 per day for wages, and that the evidence was not sufficient to support the finding of the Commission that the claimant was temporarily totally disabled. Starnes and the U. S. Fidelity & Guaranty Company, in addition to these last contentions, claim that Starnes and the U. S. Fidelity & Guaranty Company did not get sufficient notice, and further complain that Brown was not an employee of Starnes at the time of the injury, but was employed by a Mr. McPeek.

We have reviewed the entire evidence, as well as the briefs of all parties, calling our attention to what is considered the salient parts of the evidence. The question as to whose employee the claimant was in this case, is largely a question of fact, and the Commission found that the claimant, Brown, was the employee of Starnes, whose insurance carrier is the U. S. Fidelity & Guaranty Company. The work that was being done was cementing a casing for a well belonging to the Prairie Oil & Gas Company. The company contracted with Starnes to do this. There is no evidence in the case that Starnes sublet the contract. There is evidence in the case that a man by the name of McPeek was Starnes' foreman, and that McPeek paid some of the laborers in cash for doing the work, but beyond this the testimony does not go to establish that any other than Starnes, who had the contract to do the work, was the employer.

Starnes and McPeek had gone when the evidence was being taken, but we think the Commission could scarcely have found otherwise than it did on the proposition of Starnes being the employer of claimant. Some point is made upon a failure to give notice to Starnes. However, several employees knew of the injury at the time it happened. It arose from the claimant assisting in carrying a large piece of timber and stepping into a hole, thereby losing his supporting power, and the timber falling on him in such a way that if he escaped injury it would have been miraculous. There is nothing to contradict the statement that McPeek, the foreman, was notified of it, and sworn testimony was given to that effect. Under the evidence in the case, if a disability resulted, most clearly Starnes and his insurance carrier, U. S. Fidelity &

Guaranty Company, were primarily liable, and the original employer, the Prairie Oil & Gas Company and its insurance carrier, Century Indemnity Company, were secondarily liable.

Complaint is made as to the Commission's allowing the maximum per week of $18, and it is stated in the brief of Starnes and the U. S. Fidelity & Guaranty Company that the evidence showed not over $15.79 should have been allowed under the calculation made by them. This is based on an idea that the average wage was not $6 a day, as found by the Industrial Commission. This is a question of fact that the statute leaves subject to the jurisdiction of the Commission alone. The evidence, however, showed a variation of from $4 to $14 a day, depending largely upon whom claimant was working for. The calculation that is made in the brief, in order to reach the proposition of $15.79 a week, is based on $4 alone, being the daily wages, and using 300 as a multiplier of this and dividing by 52 and taking two-thirds of that.

The work being done at this time was for the Prairie Oil & Gas Company, and according to the evidence of the claimant, his average wage, while working on these jobs, would run between $7 and $8 a day. The Prairie paid $4 for cementing, other companies $7, and some $10, and $8 was paid for the combined casing rolling and cementing job on the Prairie Oil & Gas Company work, as shown by the record.

Under the circumstances, for the Commission to allow the maximum of $18 a week is not in violation of the evidence.

The further proposition is made that the evidence failed to show a temporary total disability at the time of the hearing. That, also, is largely a question of fact to be determined by the Commission. As applied to this case, the claimant testified to a total disability. He was strong and able-bodied, extraordinarily so before the accident. It is true that there is an expression found in the record from the claimant that he had not tried to work because he could not. Leaving the qualifier off, there might be an inference, but taking it all the way through, the inference is the other way.

According to the examination made of him by the doctor, he evidently was not able to do the work he had been doing. One cannot measure with mathematical scales the proposition of man's disability to work, but, at best, a finding on a matter of that kind is an approximation. Here the man suffered pain on walking, and at night when trying to sleep, and had pain in his back and legs, and he testified that he was not physically able to work.

The doctor testified that he was not able to do any kind of work of the nature of rig duty, and he could not do manual labor, and had been under his care for a long time. He found no evidence of his being a malingerer. He evidently examined the patient closely, as shown by the record on page 50, and subsequent pages in the record. While medical assistance appears not to have been furnished directly, evidently the agents of the insurance company recognized the injury, from this record.

It could scarcely be said, in the strictest sense, that any person that was able to move at all could not do some kind of light work, as long as he is in possession of his faculties, but from a practical standpoint, in an industrial sense, the record in this case appears to warrant the finding of the Commission of a total disability, temporary in character.

The award that was made by the Commission was not in a lump sum, it evidently recognizing the continuing character of its own jurisdiction so far as future compensation is concerned, but fixing the amount of compensation that should have been paid in the past. We find no substantial reason in the evidence for reversing the award, either as to the order of liability or the amount thereof. Of course, at any time it is demonstrated to the satisfaction of the Industrial Commission that the claimant is well, or that he has less disability than it appeared to the Commission that he did have at the time of making the award, application could be made to the Commission for modification. Instead of that, however, it appears that not only the past award, but the weekly award, has been superseded by a bond.

It does not appear to us that the award should be vacated. Its vacation is therefore denied, and the award is affirmed, and the Commission is ordered to proceed in accordance with this opinion.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, and ANDREWS, JJ., concur. RILEY, J., concurs in conclusions. McNEILL, J., absent.