## CHICAGO, R. I. & P. RY. CO. v. JONES et al.

No. 21430.   Oct. 31, 1933.

Rehearing Denied Dec. 12, 1933.

W. R. Bleakmore, John Barry, W. L. Farmer, and Robert E. Lee, for plaintiff in error.

C. L. McArthur and G. F. Womack, for defendants in error.

RILEY, C. J. This is an action to recover damages for and on account of alleged negligence in killing and injuring certain cows belonging to defendants in error at and upon a public crossing about one mile south of Duncan, Okla.

Two questions are presented:

First. Whether negligence may be predicated upon failure to give a statutory warning at a crossing where the pleadings and proof of the plaintiff show that the owner in charge of and driving his cows over the crossing heard the whistle sounded at a crossing about one-half mile from the one on which the injury occurred, and saw the train approaching while it was more than 80 rods from such crossing; and

Second. Whether there was sufficient evidence to submit the case to the jury upon alleged negligence in failure to use due care after discovery of the cows upon the crossing.

While the evidence is in conflict as to whether or not the statutory warning, sounding the whistle and/or ringing the bell, for the crossing upon which the cows were killed, was given, the uncontradicted evidence of the plaintiff is that he heard the whistle sounded at a crossing about one-half mile distant and looked and saw the smoke from the engine and knew the train was approaching before it reached a point 80 rods distant from the crossing and while the cows were upon the railroad track at the crossing.

It is well settled in this state that negligence cannot be based upon failure of those in charge of a train to ring the bell and (or) sound the whistle where plaintiff pleads and proves that while in the position of safety he knew the train was approaching. Schaff v. Boland, 155 Okla. 191, 241 P. 792; C., R. I. & P. Co. v. Barton, 59 Okla. 109, 159 P. 250.

The rule there announced appears to be based on M., K. & T. Ry. Co. v. Gilbreath, 49 Okla. 681, 154 P. 539, wherein it is said:

"It seems to us in such circumstances that negligence cannot be based upon the failure of the engineer to ring the bell or sound the whistle to warn the trackmen of the approach of his train when it was obvious to him that they had knowledge of this fact."

The rule would seem to apply with equal force to one already in a position of peril. If, being in a position of peril upon a railroad crossing, one observes the approach of a train more than 80 rods away, nothing those in charge of the train may do by way of sounding the whistle or ringing the bell at such distance therefrom could or would give him any warning which he did not already have. He already knows the train is approaching, and failure to give the statutory signal could not in such case be the proximate cause of an injury if one occurs at the crossing. The rule would also seem to apply with equal force to one in

charge of and driving his stock over such crossing. In the instant case the plaintiff testified he heard the whistle sound at the crossing about one-half mile away and looking up saw the smoke from the train and knew it was approaching. He then had all the warning that he would have had if the whistle or bell or both had been sounded for the particular crossing.

It is therefore error to submit the question of negligence in this particular to the jury.

On the question of alleged negligence under the so-called "last clear chance" doctrine, there were two distinct alleged omissions relied upon: First: Failure to use due care so as to stop the train in time to avoid the injury after discovery of the cows upon the crossing; and second, failure to sound the whistle or ring the bell after discovering the cows upon the crossing in order to assist plaintiff in getting the cows off the track.

On the first, the uncontradicted evidence is that the fireman and engineer did all in their power after discovery of the cows upon the crossing to stop the train before reaching the crossing, but were unable to do so. Under the rule announced in M., K. & T. Ry. Co. v. Raines, 59 Okla. 52, 158 P. 936, the plaintiff wholly failed to prove a case based upon this particular alleged omission.

On the other question, failure to sound the bell or whistle after discovery of the cows upon the track, the evidence is in hopeless conflict. It has frequently been held that the statutory warning, sounding the whistle and/or ringing the bell at least 80 rods from a crossing, is not intended to furnish a standard by which, in every case, to determine whether or not a railroad company has failed to discharge its duty in respect to any warning at public crossing, but is intended rather to prescribe the minimum of care which must be observed in all cases. M., K. & T. Ry. Co. v. Stanton, 78 Okla. 167, 189 P. 753; W. F. & N. W. Ry. Co. v. Groves, 81 Okla. 34, 196 P. 677.

Whether or not such additional warning was given after discovery by the engineer and fireman of the cows upon the crossing; if not, whether or not, under the facts and circumstances, failure to do so was negligence; and if negligence, whether or not such negligence was the proximate cause of the injury, were all questions of fact for the jury.

It was therefore not error for the trial court to refuse to direct a verdict for defendant.

But the trial court did not submit these questions of fact to the jury. Instead, the case was submitted upon the question of failure to give the statutory signal at least 80 rods from the crossing and the question of failure to use proper care in keeping a lookout for stock upon the crossing. It was error to do so, and the judgment is reversed and the cause is remanded for a new trial.

CULLISON, V. C. J., and SWINDALL, ANDREWS, McNEILL, OSBORN, and BUSBY, JJ., concur. BAYLESS and WELCH, JJ., absent.