CITY OF STILWELL v. BONE.

No. 31662. April 3, 1945.

*157 P. 2d 459.*

W. H. Martin and E. B. Arnold, both of Stilwell, for plaintiff in error.

Harry G. Davis and Thomas J. Wiley, both of Muskogee, for defendant in error.

HURST, V.C.J. The plaintiff, Walter H. Bone, sued the defendant, city of Stilwell, for damages for injuries he sustained by coming in contact with a high tension electric wire carrying 2,300 volts, a part of the electric system owned and operated by the city. From a judgment for plaintiff for $5,000, based upon a jury verdict, the city appeals.

The record discloses that plaintiff was an employee of the owner of the telephone system in Stilwell, and the accident occurred at a place where the electric wire ·crossed at right angles the telephone wire. The electric wire was only about eight inches above the telephone wire. Bone was working as a lineman or cable splicer on the telephone wire at the place where the two wires crossed, and in performing his duties he was required to ride the cable carrying the telephone wires. In trying to cross from one side of the electric wire to the other, his hand either came in contact with the electric wire or so near it that he was badly burned. He alleged and testified that he assumed that the electric wire carried 110 volts, and he did not know that it carried 2,300 volts. The acts of negligence charged were that the electric wire should have been at least 36 inches from the telephone wire, that the city knew or ought to have known that persons would be working on the · telephone line and would be placed in a hazardous position, and that it·failed to notify plaintiff that said electric wire carried 2,300 volts.

1. The city first argues that the court committed error in overruling its demurrer to plaintiff's petition. We find no merit in this contention. The plaintiff alleged that the acts of negligence above stated were committed, and that such acts constituted negligence and were the sole cause of the accident and resultant injuries. The petition alleged the three elements constituting actionable negligence: (1) the duty of defendant to protect plaintiff, (2) failure to perform that duty, and (3) injury proximately resulting from such failure. Phillips Petroleum Co. v. Stephenson, 191 Okla. 294, 129 P. 2d 575.

2. It is next urged that the trial court committed error in failing to define

"actionable negligence" and "proximate cause." No request was made by the city for such instructions. While the court did not define the terms "negligence," "actionable negligence" and "proximate cause," it did state the issues as made by the pleadings, advised the jury that the burden of proof was upon the plaintiff to "establish that the defendant is negligent in one or more of the particulars alleged in the petition and that such negligence approximately (sic) caused the injury complained of," before he could recover, and advised the jury of the high degree of care required of those operating an electric system and of the duty the city owed persons likely to come in contact with its electric wires. The city relies upon cases which hold that it is reversible error for a court, even without request, to fail to instruct on the decisive issues of the case.

While it is customary, and better practice, for the court to define the terms "negligence" and "proximate cause" (Missouri, K. & T. Ry. Co. v. Perino, 118 Okla. 138, 247 P. 41, 47 A.L.R. 283), it is not reversible error to fail to do so where, as here, the instructions as a whole correctly advise the jury as to the specific issues they are to pass upon, the standard of care required, the duties the parties owe each other, and state the elements constituting actionable negligence, where there is no question of a remote or intervening independent cause involved requiring a definition of proximate cause, and where the instructions as a whole convey to the jury the meaning of said terms. Wichita Falls & N.W. Ry. Co. v. Groves, 81 Okla. 34, 196 P. 677 (negligence); Phillips Petroleum Co. v. Matthesen, 171 Okla. 541, 44 P. 2d 56 (proximate cause); Stroud v. Tompkins, 193 Okla. 483, 145 P. 2d 396 (proximate cause); 45 C.J. 1336, 1347; 38 Am. Jur. 1076, 1079. It follows that no reversible error was committed by the court in failing, on its own motion, to give an abstract definition of the terms "actionable negligence," "negligence" and "proximate cause."

3. The city next argues that the failure of the court, on its own motion, to instruct the jury that no presumption of negligence arises from the mere fact of injury constituted fundamental error. We think the instructions clearly placed upon the plaintiff the burden of proving the three elements constituting actionable negligence, and it was unnecessary to give such an instruction.

4. Finally, the city complains of instructions Nos. 3, 4, and 5, wherein the court defined the duty of the city. By instruction No. 3, the court told the jury that one making a business of handling and selling electricity for profit must exercise much greater precaution and care in its use than if the property involved was of a less dangerous character. By instruction No. 4, the jury was told that it was the duty of the city "to furnish perfect protection at those points where people were liable to come into contact with said wires." By instruction No. 5, the jury was told that it was the duty of the city to protect its wires so "as to render them harmless to touch" and to exercise the "highest duty of care" to protect persons working on the telephone lines and liable to come in contact with its wires. The city contends that these instructions made the city an insurer.

We believe instructions Nos. 3 and 5 properly stated the duty which the city owed the plaintiff, and followed the rules stated in LaDow v. Oklahoma Gas & Electric Co., 28 Okla. 15, 119 P. 250, City of Marlow v. Parker, 177 Okla. 537, 60 P. 2d 1044, and City of Altus v. Wise, 193 Okla. 288, 143 P. 2d 128. While there is authority to the contrary (Overall v. Louisville Electric Light Co., 21 Ky. Law Rep. 886, 54 S.W. 1102, quoted with approval in the LaDow Case, above), we believe instruction No. 4, in requiring the city to furnish "perfect protection," was erroneous and, standing alone, would have placed too great a burden on the city. We are of the opinion, however, that, when the instructions are considered as a whole, the jury did not understand that the city was an insurer against injuries caused

by the operation of its electric system, but understood, rather, that the city was liable only if it was guilty of one of the acts of negligence charged and such negligence was the proximate cause of the injuries complained of. The evidence clearly shows that the high tension wire that caused the injury was maintained too close to the telephone wire. The case was pitched and tried on the theory that the city was guilty of negligence proximately causing the injuries. The court properly submitted to the jury the defense of contributory negligence.

Affirmed.

RILEY, CORN, DAVISON, and ARNOLD, JJ., concur. OSBORN, BAYLESS, and WELCH, JJ., dissent.