**PHILLIPS PETROLEUM COMPANY and Everett Holbrook, Plaintiffs in Error,**

**v.**

**James PRICE, Defendant in Error.**

**No. 37071.**

Supreme Court of Oklahoma.

June 12, 1956.

Steele & Boatman, Okmulgee, Rayburn L. Foster, Harry D. Turner, James Mullen, Bartlesville, for plaintiffs in error.

Pierce, Mock & Duncan, Oklahoma City, for defendant in error.

HUNT, Justice.

James Price instituted this action against Phillips Petroleum Company, a corporation, and Everett Holbrook, an employee of the corporation, to recover damages for personal injuries suffered by reason of al-leged negligence of the defendants. The plaintiff alleged in part that on October 16, 1953 he was employed by Gilmore, Gardner & Kirk as the driver of a gasoline transport truck; that he had driven into defend-ant's refinery to procure gasoline; that it was necessary he drive his vehicle up to the side of the loading rack and under a fillpipe which was being operated by defendant, Holbrook; that as he drove along-side the rack the defendant, Holbrook, allowed the fillpipe to strike the vehicle, breaking a clearance light thereon, and setting fire to the vehicle and to plaintiff; that he jumped from the burning vehicle and struck some pipes used to transfer gasoline to the loading rack and thereby suffered painful and permanent injuries, the nature and extent of which were set forth in the petition, and further alleged that defendants were negligent in that they were using faulty equipment for transfer of gasoline to the truck and that the defendant, Holbrook, failed to raise or hold the fillpipe so as to allow the vehicle to be driven under the fillpipe, and failed to warn plaintiff that there was not sufficient clearance to drive the truck under the fill-pipe.

The defendants filed answers, generally denying plaintiff's allegations, and allege that any injuries sustained by plaintiff were due to or contributed to by his own negligence and want of care in that immediate-ly preceding the accident plaintiff approached the gasoline loading rack at the refinery without switching off the lights on his truck, and drove the same into a plainly visible loading pipe, causing a clearance light on the truck to break and ignite gasoline in and on the loading pipe.

The record shows that plaintiff had been hauling gasoline from the defendant's refinery between twelve and thirteen years; that he knew there were fumes around there when loading was going on, and that it was dangerous if anything happened to ignite it.

Upon trial of the issues a verdict and judgment for the sum of $5,000 was entered for the plaintiff, and the defendants appeal.

The plaintiffs in error in their brief say they rely upon and urge the following assignments of error:

1. The District Court erred in giving to the jury Instruction No. 7.

2. The District Court erred in giving to the jury Instruction No. 3A.

Instruction No. 7 recites that gasoline is a highly dangerous commodity, and that it is the duty of persons using the same to use a high degree of care commensurate with the danger involved. In support of their first proposition plaintiffs in error say in part:

"The standard of care for both plaintiff and defendants is whether ordinary care or the care of a reasonable and prudent man under the circumstances was exercised. An instruction which requires 'a high degree of care' of the defendants, in determining whether they were negligent is erroneous and constitutes reversible error especially where other instructions require only 'ordinary care' of plaintiff in determining whether he was contributorily negligent. * * * Defendants do not assert that the giving of Instruction 3A was error in and of itself, for thereby the court told the jury that in determining the contributory negligence of the plaintiff they were to hold him to 'ordinary care' (for such is the proper standard and test), but by instructing the jury in Instruction 7 that in determining the negligence of the defendants they were to hold them to 'a high degree of care', the trial court committed reversible error by placing a higher duty of care on the defendants to protect the plaintiff from injury than was placed on plaintiff to protect himself."

The defendant in error contends that the instructions, as a whole, were proper and supported by prior decisions of this court, and if there was error in the instruction complained of it was invited by the defendants. The principal or material question of error presented relates to the giving of Instruction No. 7, which reads:

"You are instructed that gasoline is a highly dangerous commodity; and it was the duty of persons using same to use a high degree of care commensurate with the danger involved in handling said gasoline, and in main- taining its equipment for loading and unloading.

"On the other hand, persons who own, operate, or maintain such dangerous instrumentalities have a right to rely upon others who may be imperiled thereby to take the usual, and customary measures to avoid being injured."

Instruction No. 3A is as follows:

"You are instructed that by the term, 'contributory negligence', as used in these instructions is meant the want of ordinary care on the part of the person injured or damaged. That is to say, the want of such care as an ordinarily prudent person would have exercised under the same or similar circumstances, which taken either by itself or in connection with the negligence of the defendant, if any, proximately caused the injury.

"You are further instructed that the law places upon all persons the duty of exercising ordinary care for their own safety, and even though you should believe from the evidence that the defendant * * * w * * * negligent, if the evidence also shows that the plaintiff * * * was negligent, and that such negligence caused or materially contributed to h * * * injury, your verdict should be for the defendant * * *"

Title 76 O.S.1951 § 5 on Torts reads:

"Every one is responsible, not only for the result of his wilful acts, but also for an injury occasioned to another by his want of ordinary care or skill in the management of his property or person, except so far as the latter has, wilfully or by want of ordinary care, brought the injury upon himself."

▆▆▆ Under the above quoted statute the measure of care fixed and required of parties in the management of their property or person, the want of which will render them responsible to a party injured thereby, is ordinary care or skill, and a like measure of care is required of the injured party.

" 'Ordinary care' correctly expresses the duty of the possessor of premises toward a licensee thereon, and such an expression of the measure of said duty in an action by the latter against the former for personal injuries is not erroneous." Oklahoma Biltmore v. Williams, 182 Okl. 574, 79 P.2d 202.

"Ordinary care is that degree of care that ordinarily prudent persons usually exercise under the same or similar circumstances, and means that degree of care which is reasonably commensurate with the danger of the instrumentality used." Oklahoma Gas & Electric Co. v. Wilson, 172 Okl. 540, 45 P.2d 750.

The plaintiffs in error assert that Instruction No. 7 is erroneous and contrary to statute, Title 76 O.S.1951 § 5, in that it placed a higher degree of care upon them than upon the defendant in error, and constitutes an invasion of the province of the jury. They cite as controlling the decision in the case of St. Louis-San Francisco Railway Company v. Green, Okl. 287 P.2d 700, which holds:

"The obligations of railroad companies and of travelers crossing their their tracks are mutual and reciprocal, and an instruction is erroneous which requires 'special care' on the part of the railroad company while requiring 'ordinary care' of the traveler.

"It is the duty of a railroad company to use reasonable and ordinary care to avoid injury to persons whose presence on its premises is known, or whose presence it might reasonably have anticipated."

The only instruction given in the present action with respect to the duty or measure of care required of the defendants was embodied in Instruction No. 7, and the following language in the next above cited case is applicable to the case at bar:

"This instruction was the only instruction given dealing with the duty or degree of care owed by defendant to plaintiff, so it cannot be said that any error therein was cured by considering the instructions as a whole. In other instructions the jury was cor-

rectly advised that plaintiff owes the duty of exercising ordinary care for his own safety. It therefore appears that the effect of the instructions taken as a whole was to advise the jury that while plaintiff was only required to exercise ordinary care to avoid getting hurt, defendant is required to exercise special care and watchfulness to avoid injuring him."

In the present action the parties were aware of the dangerous nature of the commodity they were handling and there arose a reciprocal duty between them whereby each was required to use ordinary care, commensurate with the danger involved, to avoid injury to the other, and to avoid bringing injury upon themselves. The rule of ordinary care, unless otherwise fixed, is applicable to the situation and circumstances as they exist in each case. 38 Am.Jur. 675, § 29 states:

"What may be deemed ordinary care in one case may, under different surroundings and circumstances, be negligence. More care and vigilance must be exerted to avoid liability for negligence in dealing with a dangerous agency than with an instrumentality in which danger is not so apparently inherent. The rule which requires ordinary care prevails at all times, but ordinary care may be a high degree of care under some circumstances and a slight degree of care under other circumstances."

A case cited in support of the quoted text is Greunke v. North American Airways Co., 201 Wis. 565, 230 N.W. 618, 620, 69 A.L.R. 295, wherein the opinion states:

"Ordinary care, however, is not 'the highest degree of care that men of reasonable vigilance and foresight ordinarily exercise in the practical conduct' of any pursuit. On the contrary, it is the degree of care that men of reasonable vigilance and foresight ordinarily exercise in the practical conduct of their affairs. Without doubt the appellant was required to use a high degree of care, which would be the care that the great mass of men so

circumstanced as he would ordinarily use."

■ This court, in Chicago, R. I. & P. Ry. Co. v. Shelton, 135 Okl. 53, 273 P. 988, points out that the quantum or amount of care, the precautions to be observed, the dangers to be anticipated, the safeguards to be used, the efforts to be exercised to prevent injuries in each case, must be as different and variable as the facts involved and that it is not practical or proper for a court to fix or declare as a matter of law the amount or quantum of care that should be exercised under the circumstances or conditions of any particular or special case and the question rests with the jury under proper instructions from the court. In Union Traction Co. v. Berry, 188 Ind. 514, 121 N.E. 655, 658, 124 N.E. 737, 32 A.L.R. 1171, it is there said:

> "The use of such terms as 'slight care,' 'great care,' 'highest degree of care,' or other like expressions in instructions as indicating the quantum of care the law exacts under special conditions and circumstances, is misleading; and when so used they constitute an invasion of the province of the jury, whose function it is to determine what amount of care is required to measure up to the duty imposed by law under the facts of the particular case. The law imposes but one duty in such cases, and that is the duty to use due care; and the law recognizes only one standard by which the quantum of care can be measured, and that is the care which a person of ordinary prudence would exercise under like circumstances."

■ The defendant in error, plaintiff below, in his answer brief cites, among others, the case of Margay Oil Corporation v. Jamison, 177 Okl. 433, 59 P.2d 790, which restates the established holding that a high degree of care is required in dealing with natural gas, but in that case no instruction was given or involved and no substantial application of that case to the present action is shown. The fact that gasoline is a dangerous commodity does not change the rule of ordinary care required of persons in its handling. The defendant in error refers to the case of Standard Theatres Corporation v. Hughes, 185 Okl. 377, 91 P.2d 1058, as supporting Instruction No. 7, complained of in the present action. The theatre case holds that it was proper to instruct that the proprietor of a theatre must exercise a high degree of care in behalf of the patrons to prevent injury to them. The opinion there refers to the case of Tulsa Entertainment Co. v. Greenlees, 85 Okl. 113, 205 P. 179, 22 A.L.R. 602, as authority for its holding in the theatre case, but the opinion does not show if any instruction was given on the matter. The holding in the theatre case was based on a much different set of facts than those in the present action, and we do not consider the reasoning and holding therein to be applicable or controlling in the present action. We consider the majority and established rule applicable to the present case to fix the measure of care required of the defendant as ordinary care.

The defendant in error also relies on the case of City of Stilwell v. Bone, 195 Okl. 325, 157 P.2d 459, which involves injuries received by a telephone employee who came in contact with an electric wire owned by the city. In passing upon the instructions given on the duty of the city the opinion states that two of the instructions were proper and that one instruction was erroneous and standing alone placed too great a burden on the city, but concluded that the instructions, as a whole, did not cause the jury to understand the city was an insurer against injuries caused by the operation of its electric system, but to understand that the city was liable only if guilty of the negligence charged and it was the proximate cause of the injuries complained of. The holding in that case, as we view it, does not justify or sustain the instruction complained of in the present action.

■ The defendant in error asserts that if there was error in Instruction No. 7, which is denied, it was invited by the plaintiffs in error, and says the instruction is a combination of separate instructions requested by the plaintiff and defendants. That part of the instruction complained of was requested by the defendant in error and the plaintiffs in error objected to the instruction as a whole. We do not think

the plaintiffs in error invited the error, if any, and are, therefore, not estopped from objecting to the instruction as given.

■ It is the duty of the trial court upon its own motion to properly instruct upon the decisive features of a case, and a failure to do so constitutes reversible error. International Harvester Co. v. Snider, 184 Okl. 537, 88 P.2d 606.

■ From a consideration of the record we are of the opinion that Instruction No. 7, wherein the jury was told that it was the duty of persons handling gasoline to use a "high degree of care", commensurate with the danger involved, was erroneous and prejudicial to the rights of the plaintiffs in error, in that it fixed a higher degree of care than is required by statute in such cases, and placed a higher degree of care upon the plaintiffs in error than upon the defendant in error, and that such error is material and requires the granting of a new trial.

The judgment of the District Court is reversed and cause remanded with instructions to grant defendants a new trial.

JOHNSON, C. J., WILLIAMS, V. C. J., and CORN, DAVISON, HALLEY, BLACKBIRD and JACKSON, JJ., concur.