## CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY *v.* COLE, ADMINISTRATRIX OF ROBERTS, ETC.

### ERROR TO THE SUPREME COURT OF THE STATE OF OKLAHOMA.

No. 290. Motion to dismiss or affirm submitted November 17, 1919.— Decided December 8, 1919.

The Federal Constitution does not prevent the States from leaving the defense of contributory negligence to the jury in all cases, those in which it is a mere question of law as well as those in which it is a question of fact. P. 55.

Oklahoma Constitution, Art. 23, § 6, sustained on this point.

74 Oklahoma, —, affirmed.

THE case is stated in the opinion.

*Mr. W. A. Ledbetter, Mr. H. L. Stuart, Mr. R. R. Bell* and *Mr. E. P. Ledbetter,* for defendant in error, in support of the motion.

*Mr. R. J. Roberts* and *Mr. C. O. Blake,* for plaintiff in error, in opposition to the motion.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is an action brought by the defendant in error for knocking down and killing her intestate, Roberts. He stepped upon the railroad track when a train was approaching in full view and was killed. It may be assumed, as the State Court assumed, that, if the question were open for a ruling of law, it would be ruled that the plaintiff could not recover. But the Oklahoma Constitution provides that "the defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact, and shall, at all times, be left to the jury." Art. 23, § 6. The case was left to the jury and they found a verdict for the plaintiff. Judgment was entered for her and was affirmed on error by the Supreme Court of the State, which held that the provision applied to the case and that when so applied it did not contravene the Fourteenth Amendment of the Constitution of the United States.

The state constitution was in force when the death occurred and therefore the defendant had only such right to the defense of contributory negligence as that constitution allowed. The argument that the Railroad Company had a vested right to that defense is disposed of by the decisions that it may be taken away altogether. *Arizona Employers' Liability Cases,* 250 U. S. 400. *Bowersock v. Smith,* 243 U. S. 29, 34. It is said that legislation cannot

change the standard of conduct, which is matter of law
in its nature into matter of fact, and this may be conceded;
but the material element in the constitutional enactment
is not that it called contributory negligence fact but that
it left it wholly to the jury.   There is nothing, however,
in the Constitution of the United States or its Amend-
ments that requires a State to maintain the line with
which we are familiar between the functions of the jury
and those of the Court.   It may do away with the jury
altogether, *Walker* v. *Sauvinet*, 92 U. S. 90, modify its
constitution, *Maxwell* v. *Dow*, 176 U. S. 581, the require-
ments of a verdict, *Minneapolis & St. Louis R. R. Co.* v.
*Bombolis*, 241 U. S. 211, or the procedure before it.
*Twining* v. *New Jersey*, 211 U. S. 78, 111. *Frank* v.
*Mangum*, 237 U. S. 309, 340.   As it may confer legislative
and judicial powers upon a commission not known to the
common law, *Prentis* v. *Atlantic Coast Line Co.*, 211 U. S.
210, it may confer larger powers upon a jury than those
that generally prevail.   Provisions making the jury judges
of the law as well as of the facts in proceedings for libel
are common to England and some of the States, and the
controversy with regard to their powers in matters of
law more generally as illustrated in *Sparf* v. *United States*,
156 U. S. 51, and *Georgia* v. *Brailsford*, 3 Dallas, 1, 4,
shows that the notion is not a novelty.   In the present
instance the plaintiff in error cannot complain that its
chance to prevail upon a certain ground is diminished when
the ground might have been altogether removed.

*Judgment affirmed.*