## SOUTHERN PAC. CO. v. MARTINEZ.[*]

(Circuit Court of Appeals, Ninth Circuit. February 14, 1921.)

No. 3497.

Railroads ⬤⇒350 (3, 15)—Negligence in maintaining crossing and in operating automobile, stalling on track, held questions for jury.

An action against a railroad company for death of a person killed while crossing the track in an automobile *held* properly submitted to the jury, where there was evidence of defendant's negligence in failing to maintain the crossing in reasonably safe condition, by reason of which the engine was killed while on the track, and under the provision of the Constitution of Arizona requiring the defenses of contributory negligence and assumption of risk in all cases to be submitted to the jury.

In Error to the District Court of the United States for the District of Arizona; Edward S. Farrington, Judge.

Action at law by Sophia Martinez, administratrix of the Estate of Carlos L. Martinez, deceased, against the Southern Pacific Company. Judgment for plaintiff, and defendant brings error. Affirmed.

Francis M. Hartman, of Tucson, Ariz., and Wm. F. Herrin and Henley C. Booth, both of San Francisco, Cal., for plaintiff in error.

Jesse C. Wanslee, Thomas W. Nealon, and F. C. Struckmeyer, all of Phœnix, Ariz., for defendant in error.

Before GILBERT, ROSS, and HUNT, Circuit Judges.

GILBERT, Circuit Judge. Error is assigned to the denial of the defendant's motion for an instructed verdict in its favor. The plaintiff's intestate, Carlos Martinez, was killed while crossing the railroad track of the defendant. He was riding in a Ford automobile, sitting on the back seat with his niece, 14 years of age. His daughter Mariana, 18 years of age, was sitting on the front seat with the driver, Manuel Sanchez. They were on their way to Cochise station on a road which

---

⬤⇒For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

[*] Rehearing denied May 16, 1921.

ran parallel with the railroad track and about 100 feet distant therefrom. The road turned at right angles to cross the track at a point about half a mile from Cochise. The automobile with its occupants was seen by the fireman on the defendant's train, and was seen to turn to cross the track directly ahead of the train. The hind wheels of the automobile were upon the track at the time of the collision. The negligence alleged in the complaint is that the defendant saw the plaintiff's intestate approaching the track without giving any warning of the approach of the train; that the defendant had not constructed or maintained a good and sufficient crossing across the public highway, and was negligent in leaving the rails of the crossing projecting above the grade surface on either side of the track, whereby the engine of the automobile was killed, and the automobile was delayed upon the track; that the defendant did not exercise vigilance and care to observe and discover the presence of the plaintiff's intestate upon the track.

According to the evidence there was no obstruction by which a traveler on the highway could be prevented from seeing a train on the track for a distance of 4 or 5 miles west of Cochise, and there can be no doubt that some, if not all, the occupants of the automobile saw the train as it approached. Mariana Martinez testified that after the automobile had made the turn, and was about to cross the track, she looked in the direction of the train, but did not see it. The fireman on the train saw the automobile traveling in the direction in which the train was going; but he had the right to assume, as he did, that the automobile would stop, instead of crossing the track ahead of the train. The train, just prior to approaching the crossing, had been going at 50 miles an hour, a permissible rate of speed. It had slowed down to a speed of between 35 and 40 miles. The evidence is ample and undisputed that on approaching the crossing the whistle had been blown and the bell was ringing.

Upon the testimony no negligence is imputable to any employé upon the train. Neither does the evidence leave room for the application of the last clear chance doctrine. After discovering that the automobile was in the danger zone and was still proceeding, there was no time for the engineer to avoid the collision. If the automobile was delayed but five or six seconds, which is the utmost time that any witness said it was delayed on the track, it was a time insufficient to permit avoidance of collision. The train was stopped as soon as it was known that the automobile was proceeding to cross the track. The driver of the automobile was shown to have been inexperienced. He doubtless thought he had time to get across the track ahead of the train, and he took the chance. If the testimony of Mariana Martinez, the only survivor of the party, is to be taken as true, the automobile would have crossed in safety, but for the engine dying while the hind wheels of the machine were still upon the track. The negligence of the driver and of the plaintiff's intestate in so attempting to cross the track might have been sufficient to justify the court below in directing a verdict for the defendant, but for the fact that the Constitution of Arizona provides:

"The defense of contributory negligence or assumption of risk shall in all cases whatsoever be a question of fact and shall at all times be left to the jury."

A similar provision in the Constitution of Oklahoma was under consideration in Chicago, R. I. & Pac. Ry. Co. v. Cole, 251 U. S. 54, 40 Sup. Ct. 68, 64 L. Ed. 133, in which the constitutional provision was held to require the submission of the defense of contributory negligence to the jury in a case where the plaintiff's intestate stepped upon the railroad track when a train was approaching in full view and was killed.

The only question remaining is whether there was evidence to go to the jury on the question of the defendant's negligence in constructing and maintaining the crossing. A statute of Arizona, which requires that railroad companies shall plank crossings in a certain prescribed manner, was held inapplicable to the case, for the reason that the statute related only to highways which had been officially declared to be open as such, and there was no proof that the road in question had been so declared to be open. To that ruling no exception was taken. In the absence of a statute the general rule is thus expressed:

"It is the duty of a railroad so to construct and maintain its crossings that they may be safely used by persons traveling the highway, and for the negligent breach of this duty it must answer in damages to one injured thereby while exercising ordinary care, provided such breach was the proximate cause of the injury." 22 R. C. L. 991.

As to the condition of the crossing the testimony was conflicting. There was evidence that the rails projected above the roadbed to a height of 3 or 4 inches, that the space between the rails was very rough, and that heavy ore wagons had cut ruts in the crossing. There was evidence that such a crossing would be likely to kill the engine of an automobile, and there was testimony that in fact the engine of the automobile in question was killed while on the track, and that otherwise it would have passed in safety ahead of the train. We cannot say that this testimony was insufficient to make a case to go to the jury on the question of the defendant's negligence.

The judgment is affirmed.