[Civil No. 1905.   Filed May 11, 1922.]

[206 Pac. 589.]

## MORENCI SOUTHERN RAILWAY COMPANY, a Corporation, Appellant, v. N. J. MONSOUR, Appellee.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE FOR JURY.—Under Constitution, article 18, section 5, contributory negligence is a question of fact for the jury in all cases; such provision not being limited to the relation of master and servant because found in the article on labor.

2. TRIAL—COUNSEL ALLOWED MUCH LATITUDE IN ARGUMENT TO JURY, BUT SHOULD NOT APPEAL TO PREJUDICE.—Much latitude is allowed counsel in argument to the jury, but he is outside his duty and right when he appeals to prejudice irrelevant to the case.

APPEAL from a judgment of the Superior Court of the County of Greenlee.   A. G. McAlister, Judge. Affirmed.

(For opinion on former appeal, see 21 Ariz. 148, 185 Pac. 938.)

Messrs. Boyle & Pickett and Mr. A. R. Lynch, for Appellant.

Mr. L. Kearney, for Appellee.

SWEENEY, Superior Judge.—Appellant prosecutes this appeal from judgment and denial of motion for new trial, after the second trial of the cause following a remand therefor from a former appeal to this court, cause No. 1734. *Morenci Southern Ry. Co. v. Monsour,* 21 Ariz. 148, 185 Pac. 938.

The cause was tried the second time upon the original pleadings and with practically the same evidence.

Appellee sought to recover for the injury to an automobile owned by him, which "was run into and against" by a locomotive being operated by the appel-

lant in a negligent manner, as appellee alleges, while appellee was entirely free from any fault or negligence whatever.

Appellant pleaded that, at the time and place of the accident, appellee was guilty of contributory negligence, in this, that appellee drove his automobile upon the railroad crossing where it collided with the locomotive of the appellant, in a careless, improper and unskillful manner, without having or keeping the same under or within control, and without giving due attention thereto, at a dangerous and excessive rate of speed, wholly failing to look or to listen, or to stop, as he approached the crossing and before he attempted to pass over said crossing, and that but for such contributory negligence upon the part of appellee the damage for which he seeks to recover in this action would never have been sustained.

With this issue alone we are concerned in the present appeal.

At the close of appellee's case, appellant moved the court to direct the jury to return its verdict for appellant, upon the ground that the whole of the evidence, without any conflict whatever, established that at the time and place of the accident appellee was guilty, and had been guilty, of contributory negligence, as heretofore stated, which barred any recovery whatever, which motion the court denied.

Thereafter, when appellant and appellee had closed the case and the evidence was all in, appellant again made the same motion, which was again, by the court, denied.

The jury returned a verdict for $1,600 in favor of the appellee. Judgment was entered upon the verdict. Appellant moved for a new trial, but the motion for a new trial was never passed on or disposed of, and at the expiration of a twenty-day period became denied and overruled by operation of law (paragraph 591, Revised Statutes of Arizona, 1913), and appel-

lant took this appeal from the said judgment and denial and overruling of said motion for a new trial by operation of law.

The issue in the present appeal may be disposed of without an extended discussion of the evidence in the case, and as I view it by an interpretation and construction of the provision of the Arizona Constitution. The question to be determined is whether contributory negligence in all cases is a question of fact for the jury, or may it not be sometimes one of law for the court. The Constitution of Arizona, article 18, section 5, provides:

"The defense of contributory negligence or of assumption of risk shall, in all cases whatsoever, be a question of fact and shall, at all times, be left to the jury."

This is not the first time this question has been before this court for consideration, it having had attention in the case of *Inspiration Consolidated Copper Co.* v. *Conwell,* 21 Ariz. 480, 190 Pac. 88, and again later in *Davis* v. *Boggs,* 22 Ariz. 497, 199 Pac. 116. In both of the above cases the opinion of the court was written by our late beloved Justice BAKER.

Justice BAKER, speaking for the court in the *Inspiration Consolidated Copper Co.* v. *Conwell, supra,* says:

"We are therefore called upon to determine for the first time in this jurisdiction, the scope and effect of the constitutional provision. The language of the provision is plain and unambiguous, and to our minds clearly indicates that the power or duty to finally and conclusively settle the question of contributory negligence or assumption of risk is, by its terms transferred from the court to the jury."

To the same effect the court cited the case of *Dickinson* v. *Cole* (Okl. Sup.), 177 Pac. 570, when the court construed a similar provision of the Constitution of Oklahoma and held that the defense of con-

tributory negligence in all cases whatsoever must be left to the jury, and that the finding of the jury is conclusive upon the court.

The case was affirmed by the United States Supreme Court, *Chicago, R. I. & P. R. Co.* v. *Cole,* 251 U. S. 54, 64 L. Ed. 133, 40 Sup. Ct. Rep. 68.

Since the above decisions were handed down, the same question arose in the case of the *Southern Pac. Co.* v. *Martinez* (C. C. A.), 270 Fed. 770. In that case the plaintiff's intestate was killed while attempting to cross the railroad track at a crossing in an automobile in full view of the approaching train.

Judge GILBERT, Circuit Judge, speaking for the Court of Appeals, said:

"The negligence of the driver and of the plaintiff's intestate in so attempting to cross the track, might have been sufficient to justify the court below in directing a verdict for the defendant, but for the fact that the Constitution of Arizona provides: 'The defense of contributory negligence or assumption of risk shall in all cases whatsoever be a question of fact and shall at all times be left to the jury.' "

We think that the evident purpose and intent of the provision is to make the jury the sole arbiter of the existence or nonexistence of contributory negligence or assumption of risk in all cases whatsoever.

If this is not the force and effect of the provision, we can conceive of no reason why the framers of the Constitution should have adopted the measure.

The contention of the defendant that, because the provision is found in the article of the Constitution entitled "Labor," it must be limited in its scope and application to the relation of master and servant, cannot be sustained. The language is too broad and comprehensive to admit of such a narrow construction. The language is:

"The defense of contributory negligence . . . shall, in all cases whatsoever, be a question of fact," etc.

Attention has been directed to the argument of counsel for plaintiff to the jury. Much latitude is allowed counsel in performing the important duties which they owe to clients and to public justice, but he is outside of his duty and his right when he appeals to prejudice irrelevant to the case. Properly, prejudice has no more sanction at the bar than on the bench. I believe the use of such language and vernacular does not tend to maintain the dignity of our courts or .of our profession, and counsel should abstain from such inflammatory argument. I do not think, however, the language is of such a character as would warrant a reversal of this case.

From the foregoing expressions, I am of the opinion that the record is without reversible error, and the judgment of the lower court should be affirmed.

ROSS, C. J., and FLANIGAN, J., concur.

McALISTER, J., being disqualified, Hon. JOHN J. SWEENEY, Judge of the superior court of Yavapai county, was called to sit in the case.