Sharon WILSON, Petitioner,

v.

Robert L. FOSTER, Judge of the District Court of Lincoln County, Judicial District Number Twenty-Three, Respondent.

No. 53291.

Supreme Court of Oklahoma.

March 27, 1979.

Steven L. Parker, Tecumseh, Britt E. Clapham, II, Norman, Daniel T. Sprouse, Legal Intern, Shawnee, for petitioner.

Milton C. Craig, David Welch, Asst. Dist. Attys., Larry Lenora, Chandler, for respondent.

OPALA, Justice:

This matter, in which our original jurisdiction is sought to be invoked, consists of a post-divorce custody contest commenced by non-custodial parent [father] after petitions had been filed in the same district court to adjudicate two of his children's status as deprived. Both causes, "consolidated" pursuant to authority of 10 O.S.Supp.1977, § 1102B,[1] were set for disposition of *all issues* in a non-jury trial.

Petitioner [mother] contends she has both a federal and state constitutional right to trial by jury. She asserts also that denial of this trial mode would violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution and, implicitly, her rights under Art. 5, § 59, Okl.Con.

I

The Sixth Amendment's right to trial by jury applies to state criminal actions [*Duncan v. Louisiana,* 391 U.S. 145, 194, 88 S.Ct. 1444, 20 L.Ed.2d 491 (1968)] as well as criminal contempt proceedings [*Bloom v. Illinois,* 391 U.S. 194, 88 S.Ct. 1477, 20 L.Ed.2d 522 (1968)]. While it is the loss of liberty, not the label given to a case, which determines whether a jury is to be accorded, the *Duncan* and *Bloom* pronouncements were not extended to state non-criminal [delinquency] proceedings against underage persons accused of violating what would constitute a criminal offense if committed by an adult. *McKeiver v. Pennsylvania,* 403 U.S. 528, 91 S.Ct. 1976, 29 L.Ed.2d 647 (1971). Although *McKeiver* does not answer the specific issue before us because it deals with "delinquency" rather than a "deprived-status" case, its rationale, we are satisfied, applies with even greater force to the latter class of proceedings involving underage persons. This is so because the risk or likelihood of losing liberty or confronting punitive sanction is far greater and more imminent when a juvenile is charged with misconduct prohibited by the penal code than when the litigable issue is the child's welfare in current custodial environment.[2]

1. The pertinent provisions of § 1102B at issue here are:

". . . The district court in which a petition is filed which alleges that a child is *in need of supervision or is deprived* can issue any temporary order or grant any interlocutory relief authorized by this chapter notwithstanding the fact that another district court within the state has jurisdiction of the child or *has jurisdiction to determine the custody* or support of the child; *but the court in which the juvenile petition is filed shall transfer the proceeding to the other court* unless the judge of said other court, after consultation with the judge of the court where the juvenile petition is filed, shall either transfer the other action to the court where the juvenile petition is filed or authorize that court to proceed with the juvenile proceed-ing and to make any necessary orders in regard to the child should he be adjudged to be in need of supervision or deprived. Where the other proceeding is pending in the same judicial district in which the juvenile petition is filed, *the chief judge* of the judicial district *shall determine if the proceedings shall be consolidated and,* if consolidated, *which judge shall try the issues* when the judges to whom the cases have been assigned are unable to agree on the procedure that should be followed." [emphasis added]

2. We quote from the Court's opinion in *McKeiver* [403 U.S. at 547, 91 S.Ct. at 1987]:

"The imposition of the jury trial on the juvenile court system would not strengthen greatly, if at all, the factfinding function, and would, contrarily, provide an attrition of the juvenile

■ *McKeiver* effectively negates petitioner's claim to a Sixth and Fourteenth Amendment's right to trial by jury at the adjudicatory stage of deprived-status proceeding. Her claim under the Seventh Amendment would be even less persuasive. The states remain free from the constraints it imposes on the judiciary of the Federal Republic.[3]

II

■ Petitioner's state constitutional claim is grounded on the proviso added by the 1969 Amendment to Art. 2, § 19, Okl. Con. The thrust of her argument is that since there is now an express mention of "juvenile proceedings" in the 1969 proviso, juvenile litigation stands included as a class

court's assumed ability to function in a unique manner. It would not remedy the defects of the system. Meager as has been the hoped-for advance in the juvenile field, the alternative would be regressive, would lose what has been gained, and would tend once again to place the juvenile squarely in the routine of the criminal process."

3. *Chicago, R. I. & P. R. Co. v. Cole,* 251 U.S. 54, 40 S.Ct. 68, 64 L.Ed. 133; *Maryland National Insurance Co. v. District Court,* Okl., 455 P.2d 690, 692 (1969); *Keeter v. State ex rel. Saye,* 82 Okl. 89, 198 P. 866, 17 A.L.R. 557; *Sharpe v. State ex rel. Oklahoma Bar Ass'n,* Okl.Jud., 448 P.2d 301, 306 (1968), cert. den. 394 U.S. 904, 89 S.Ct. 1011, 22 L.Ed.2d 216; *Vogel v. Corporation Commission of Oklahoma,* 190 Okl. 156, 121 P.2d 586, 589 (1942).

4. Art. 2, § 19, Okl.Con. (Pre-1969 Amendment version) provides:
   "*The right of trial by jury shall be and remain inviolate,* and a jury for the trial of civil and criminal cases in courts of record, other than county courts, shall consist of twelve (12) [persons]; but in county courts and courts not of record, a jury shall consist of six (6) [persons]. This section shall not be so construed as to prevent limitations being fixed by law upon the right of appeal from judgments of courts not of record in civil cases concerning causes of action involving less than twenty dollars ($20.00). In civil cases, and in criminal cases less than felonies, three-fourths (³/₄) of the whole number of jurors concurring shall have power to render a verdict. In all other cases the entire number of jurors must concur to render a verdict. In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and signed by each juror concurring therein." [emphasis added]
   1969 Amendment version of Art. 2, § 19 is:

within the ambit of cases to which the state constitutional right of jury trial must be applied. This contention was rejected by us in a different procedural setting in *J.V. v. State, Dept. of Institutions, etc.,* Okl., 572 P.2d 1283, 1284–1285 (1978). On re-analysis we reiterate today our commitment to *J.V.* as the correct exposition of our fundamental law.

The pivotal phrase in § 19, supra, both in its original and post-1969 versions, remains the same.[4] It is that "[T]he right of trial by jury shall be and remain inviolate . ." This phrase has a time-honored sweep of meaning coextensive with "the course of common law" as it stood settled when the Federal Constitution was adopted.[5]

"*The right of trial by jury shall be and remain inviolate,* except in civil cases wherein the amount in controversy does not exceed One Hundred Dollars ($100.00), or in criminal cases wherein punishment for the offense charged is by fine only, not exceeding One Hundred Dollars ($100.00). Provided, however, that the Legislature may provide for jury trial in cases involving lesser amounts. Juries for the trial of civil and criminal cases shall consist of twelve (12) persons; but in the trial of misdemeanors, proceedings for the violation of ordinances or regulations of cities and towns, juvenile proceedings, actions for forcible entry and detainer, or detention only, of real property and collection of rents therefor, and civil cases concerning causes of action involving less than Twenty-five Hundred Dollars ($2,500.00), juries shall consist of six (6) persons. In civil cases, and in criminal cases less than felonies, three-fourths (³/₄) of the whole number of jurors concurring shall have power to render a verdict. In all other cases the entire number of jurors must concur to render a verdict. In case a verdict is rendered by less than the whole number of jurors, the verdict shall be in writing and signed by each juror concurring therein." [emphasis added]

5. The right to trial by jury, declared inviolate by Art. 2, § 19, Okl.Con., has reference to the right as it existed in the territories at the time of the adoption of the State Constitution, and the right to a jury trial therein referred to was not predicated upon the statutes existing in the territories at that time, but rather upon the right as guaranteed under the Federal Constitution and according to the course of common law. *Keeter v. State ex rel. Saye,* supra note 3; *Maryland National Insurance Co. v. District Court,* supra note 3.

The function of a proviso is to *restrict or make clear* that which has gone before.[6] The 1969 proviso did not extend the right to trial by jury beyond its existing common-law parameter by adding to the pivotal phrase any other class of disputes. None of the categories expressly mentioned in the proviso—juvenile proceedings or city ordinance or regulation violations—came to be thereby included in the class of cases triable to a jury *eo nomine.* Rather, the proviso operates to regulate the size of the jury, where affordable either at common law or by statute, for use within the framework of all-inclusive litigation cognizable by the post-1969 single-level trial bench and to define those cases where a jury of less than the requisite common-law number of twelve persons was to be permitted.[7]

In short, the proviso secures to the people, and thus shields from legislative change, the therein prescribed size of jury in the defined class of cases.

Juvenile proceedings did not exist at common law. There could be hence no constitutional right to trial by jury available in them. Both from the inception and since the 1969 amendment of § 19, statutory law has been Oklahoma's sole authority for affording a jury in proceedings to establish guilt of an underage person accused of delinquency or where such person's status, vis-a-vis his/her custodial milieu, may be the issue in litigation.[8]

### III

Lastly, petitioner contends respondent's application of consolidation authority under § 1102B, by dispensing with jury trial, operates to deny her equal protection of the laws as guaranteed by the Fourteenth Amendment as well as, implicitly, rights under Art. 5, § 59, Okl.Con.

Section 1102B authorizes consolidation of matrimonial-action custody controversies with deprived-status proceedings. This procedural device was no doubt thought necessary to prevent conflicting decisions in separate suits involving custody of the same child and to make more efficient use of the flexibility afforded by our single-level trial bench. The statute is silent about, and does not appear to prescribe, the steps that are to follow the authorized consolidation of causes.

There is neither constitutional nor statutory right to trial by jury in custody controversies generated by, or ancillary to, matrimonial actions while there is a clear statutory mandate for such mode of trial at the adjudicatory stage of the deprived-status proceedings.[9] It is urged that trial court's act of dispensing with jury *via* § 1102B consolidation impermissibly sets divorced [or judicially separated] parents apart from others in the same class and denies to the former a right that stands available to either a single or married parent never before involved in matrimonial litigation.

██ The Equal Protection Clause, although not an absolute guarantee of equality of operation or application of state legislation, is intended to safeguard the quality of governmental treatment against arbitrary discrimination. Legislative classification which sets apart a class without any rational basis therefor offends that clause.[10]

---

6. *Welch v. Key,* Okl., 365 P.2d 154 (1961).

7. This appears to have been necessary because the trial by jury contemplates a body of twelve persons. *Keeter v. State ex rel. Saye,* supra note 3 at pg. 868; *Paris v. State,* 6 Okl.Cr. 668, 118 P. 1113 (1911).

8. 10 O.S.1961, § 102, repealed effective January 13, 1969 and recodified in Juvenile Code, 10 O.S.Supp.1977, § 1110. *In re Gault,* 387 U.S. 1, 17–18, 87 S.Ct. 1428, 18 L.Ed.2d 527 (1967).

9. *Vogel v. Corporation Commission of Oklahoma,* supra note 3.

10. The Court held that equal protection of laws was denied by state statutory procedure allowing a person to be civilly committed to a mental hospital at the expiration of his penal sentence without a jury trial which was accorded to all other persons sought to be so civilly committed. Had Baxstrom not been in prison at the time civil proceedings were commenced, he would have been afforded jury trial. *Baxstrom v. Herold,* 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966); *Humphrey v. Cady,* 405 U.S. 504, 92 S.Ct. 1048, 31 L.Ed.2d 394 (1972).

Our own pronouncements under Art. 5, § 59, Okl.Con., are in substantial harmony with this view. We have held that where a statute seeks to operate upon a class, the classification must not be capricious or arbitrary. If it rests on some distinctive characteristic upon which a different treatment may be justifiably founded, it furnishes a rational, and hence constitutionally permissible, basis for discrimination.[11]

A parent's concern for the care and control of his/her child is universal. It cannot be rationally dichotomized by setting single parents [or those never before involved in matrimonial litigation] apart from others. Failure to accord all litigating parents equal opportunity to enjoy statutorily prescribed mode of trial by jury on the issue of a child's deprived status creates a classification not founded upon any real and substantial distinctions.

When a statute is susceptible of more than one construction, it must be given that which makes it constitutional rather than one which renders it invalid.[12] We therefore hold that upon § 1102B consolidation the court may not *sua sponte* dispense with trial by jury. Rather, when the section's authority is invoked, consolidation should take place at the post-adjudicatory stage of the deprived-status litigation. At that stage, there is no right to jury trial and the principal issue is the future well-being of the child. When this procedure is followed on consolidation everyone within the affected class will receive the same treatment under 10 O.S.Supp.1977, § 1110 [jury trial] and shall stand on equal footing when, in a later non-jury hearing, the court reaches for adjudication the custodial-placement issue common to both the matrimonial-action custody contest as well as to the "dispositional" hearing.

Both under the Equal Protection Clause of the Fourteenth Amendment to the U. S. Constitution, as well as under the provisions of Art. 5, § 59, Okl.Con., dicho-

tomizing of parents which results from affording them different modes of trial at the adjudicatory stage of the deprived-status proceeding is impermissible. All parents must be given their statutory right to jury trial.

Let the writ issue commanding respondent judge to grant petitioner a trial by jury at the adjudicatory stage of proceedings on the petition to declare her two children deprived.

LAVENDER, C. J., IRWIN, V. C. J., and HODGES, BARNES and HARGRAVE, JJ., concur.

WILLIAMS, SIMMS and DOOLIN, JJ., concur in part; dissent in part.

SIMMS, Justice, concurring in part, dissenting in part:

I concur with the majority that this appellant was wrongfully denied a jury trial and I also agree that consolidation of actions under § 1102 B may take place only after the adjudicatory stage of the juvenile proceeding.

I must respectfully dissent however, to that portion of the majority decision which holds the right to a jury trial in a juvenile adjudicatory hearing to merely statutory. It is my opinion, as set forth in my dissent to *J.V. v. State, Dept. of Instit., etc., Okl., 572 P.2d 1283 (1978)*, that the right to a jury trial in such a proceeding is guaranteed by the Oklahoma Constitution, Art. 2, § 19.

I am authorized to state that Justice WILLIAMS and Justice DOOLIN join me in this special writing Concurring in Part, Dissenting in Part.

---

11. *Anderson v. Walker*, Okl., 333 P.2d 570 (1958).

12. *County Bd. of Equalization, Pittsburg County v. Muskogee Industrial Finance Corp.*, Okl., 357 P.2d 224 (1960); *Thompson v. Smith*, 189 Okl. 217, 114 P.2d 922, 923 (1941).