BERNARD PUGLISI, Plaintiff-Appellant, v. SHIRLEY HANSFORD, Defendant-Appellee.

Fourth District   No. 4—89—0345

Opinion filed February 1, 1990.—Rehearing denied March 9, 1990.

Mary G. Gorski and Bernard A. Puglisi, both of Champaign-Urbana Legal Clinic, of Champaign, for appellant.

Keith S. Knochel, of Bullhead City, Arizona, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

This is an interlocutory appeal (107 Ill. 2d R. 308) from a trial court order vacating a default judgment on its own motion and setting the cause for a jury trial. Three questions have been certified for interlocutory appeal. They are:

"(a) Do the provisions of the Constitution of the United States, Amendment[s] VII and XIV, and the provisions of the Constitution of the State of Illinois 1970, Article I, Section 13, prevent the entry of the default judgment against a litigant who makes a timely jury demand but otherwise fails to appear personally or by her legal representative when notice by the opposing party specifically states: 'If you do not appear, a motion for judgment by default will be made?'[;]

(b) Did Illinois Supreme Court Rule 271 require Plaintiff to prepare and present to the Court a proposed form of written judgment when the Court entered a default judgment as a result of the oral denial of certain pre-trial motions other than in the course of trial and the Court never formally entered a written order denying the pre-trial motions?[; and]

(c) Did Illinois Supreme Court Rule 272 exonerate Plaintiff from his responsibility to present a form of written judgment for the signature of the presiding judge when the Court entered a default judgment at a bench trial call despite Defendant having previously filed a timely and proper jury demand?"

For the following reasons, we answer the questions no, no, and yes.

A brief review of the background of the instant case is necessary to an understanding of our disposition. On June 3, 1988, plaintiff, an attorney practicing in Champaign, filed a small claims complaint seeking payment for legal services allegedly rendered defendant. Defendant, a resident of South Carolina, was served with a summons and complaint on July 11, 1988. On August 12, 1988, defense counsel, a resident of Arizona, made a special appearance and filed a motion to quash service of process. Plaintiff moved to disqualify defendant's counsel. A hearing was held on these motions. Subsequently, on September 26, 1988, plaintiff sent defendant a notice of a hearing set for bench trial on the cause. The notice stated the hearing was set for November 3, 1988. It advised that a motion for default judgment would be made if defendant failed to appear.

On October 31, 1988, defendant filed a jury demand, paid the filing fee, moved for a continuance, and filed a motion to permit pretrial discovery. Defendant also filed a motion to disqualify plaintiff's coun-

sel. Defendant's certificate of service indicates he served the jury demand and notice of the motion on plaintiff's counsel by placing them in the mail on October 25, 1988. Defendant also served plaintiff with a notice that he would appear on November 3, 1988, for a hearing on his motions.

The court's docket sheets indicate that defendant did not appear for the bench trial docket call on November 3, 1988. The docket entry states:

> "Notice of hearing on file as to bench trial docket call. No appearance by the deft. On Plaintiff's motion deft adjudged to be in default. Affidavit considered. Judgment entered in favor of plaintiff and against deft in the amount of $1907.49 plus court costs."

The outstanding motions were not ruled upon.

On December 27, 1988, the court on its own motion vacated entry of default judgment. The docket entry states that, upon review of the file, the court noticed the timely jury demand. Thus, the default judgment was erroneously entered. It set the matter for jury trial.

Plaintiff objected to the December 27, 1988, order, and the court certified the above questions for interlocutory appeal.

■ Initially, plaintiff argues no federally guaranteed right to a jury trial exists and defendant waived her right to a jury trial, based upon the Illinois Constitution, by failure to appear at the November 3, 1989, hearing. The seventh amendment to the United States Constitution provides that in suits at common law where the value in controversy exceeds $20, the right to a jury trial is preserved. (U.S. Const., amend. VII.) Section 1 of the fourteenth amendment to the United States Constitution provides that no State shall deprive a person of life, liberty, or property without due process of law. (U.S. Const., amend. XIV.) However, the seventh amendment relates only to trials in Federal courts. (*Walker v. Sauvinet* (1875), 92 U.S. 90, 23 L. Ed. 678.) Similarly, the fourteenth amendment affords a constitutional right of due process but does not mandate a jury trial in all State proceedings. See *Chicago, Rock Island & Pacific Ry. Co. v. Cole* (1919), 251 U.S. 54, 64 L. Ed. 133, 40 S. Ct. 68.

■■ Article I of the Illinois Constitution provides:

> "The right of trial by jury as heretofore enjoyed shall remain inviolate." (Ill. Const. 1970, art. I, §13.)

Thus, a jury trial is a right of constitutional dimension in some civil matters. (*Hernandez v. Power Construction Co.* (1978), 73 Ill. 2d 90, 382 N.E.2d 1201.) However, it does not extend to special or statutory proceedings (*Barreto v. City of Waukegan* (1985), 133 Ill. App. 3d 119,

478 N.E.2d 581) and may be waived by a failure to make a timely demand (Ill. Rev. Stat. 1987, ch. 110, par. 2—1105). Other actions by the parties may also waive their right to a jury trial. (See generally *Raimondo v. Kiley* (1988), 172 Ill. App. 3d 217, 526 N.E.2d 457; *Rodenbur v. Kaufmann* (D.C. Cir. 1963), 320 F. 2d 679.) A waiver is an intentional relinquishment of a known right. It may be express or implied, and arise from actions, words, or conduct of the one waiving the right. (*Western Casualty & Surety Co. v. Brochu* (1985), 105 Ill. 2d 486, 475 N.E.2d 872; *Sexton v. Smith* (1986), 112 Ill. 2d 187, 492 N.E.2d 1284.) Courts generally will not presume the waiver of constitutional rights. (*Raimondo*, 172 Ill. App. 3d 217, 526 N.E.2d 457.) Thus, neither the Illinois Constitution nor United States Constitution automatically precludes entry of a default judgment against a party who files a timely jury demand but otherwise fails to appear at trial. The nonappearing party's actions may constitute a waiver of his previously asserted right. However, under such circumstances, a finding of waiver must be made.

The next questions posed are whether Supreme Court Rule 271 or Supreme Court Rule 272 applied in the instant situation. (107 Ill. 2d Rules 271, 272.) If Supreme Court Rule 271 applied, it necessitated the submission of a proposed written order to the trial court before the ruling became appealable. If Supreme Court Rule 272 applies, the oral judgment would be final at the time notation of it was entered in the record, absent a statement from the court requiring a written judgment. Therefore, the court would have lost jurisdiction to vacate the order after 30 days.

Supreme Court Rule 271 states:

> "When the court rules upon a motion other than in the course of trial, the attorney for the prevailing party shall prepare and present to the court the order or judgment to be entered, unless the court directs otherwise." (107 Ill. 2d R. 271.)

Rule 272 states:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by him, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed. If no such signed written judgment is to be filed, the judge or clerk shall forthwith make a notation of judgment and enter the judgment of record promptly, and the judgment is entered at the time it is entered of record." 107 Ill. 2d R. 272.

In the instant case, the motion for default judgment was made because defendant failed to appear at the November 3, 1988, bench trial

call. Several motions were outstanding at the time this motion was made and were never ruled upon by the trial court. Additionally, plaintiff does not argue or assert that he did not know that a prior jury demand had been made. The trial court's docket entries indicate that this prior demand was not in the file at the time it ruled upon the default judgment motion.

The historical and practice notes state that Supreme Court Rule 271:

> "[R]elates to rulings on motions, except those made in the course of trial. Rule 272 relates to final judgments. While the ruling on a motion may be a final judgment, it need not be. If the ruling is a final judgment entered after trial, rule 272 clearly controls, and unless the court orders that a form of written judgment be submitted to it, the judgment becomes final without further action by the parties. If the ruling is not a final judgment, rule 271 clearly controls, and that rule casts the burden squarely on the party who receives the favorable ruling on a motion to prepare an order or judgment embodying it. There may be some doubt about which procedure is mandated where a pre-trial or post-judgment motion results in a judgment, as both rule 271 and rule 272 by their terms contemplate the entry of judgments." Ill. Ann. Stat., ch. 110A, par. 271, Historical and Practice Notes, at 541 (Smith-Hurd 1985).

■■ In the instant case, the ruling on the motion for default judgment resulted in a final adjudication of the cause. Supreme Court Rule 272's language is directed toward those circumstances where all of the issues in the cause are concluded by the ruling of the court. A final judgment has been defined as a determination by the court on the issues presented by the pleadings which ascertains and fixes absolutely the rights of the parties in the lawsuit. (*Flores v. Dugan* (1982), 91 Ill. 2d 108, 435 N.E.2d 480.) A judgment is final if it determines the litigation on the merits so that, if affirmed, the only thing remaining is to proceed with execution of the judgment. (*Flores*, 91 Ill. 2d 108, 435 N.E.2d 480.) Such a situation occurred in the instant case. The default judgment which the court entered concluded both the issue of liability and the issue of damages.

■■ The purpose of Supreme Court Rule 272 is to resolve questions involving the timeliness of an appeal where there is an oral pronouncement of judgment from the bench. (*Swisher v. Duffy* (1987), 117 Ill. 2d 376, 512 N.E.2d 1207; *McWhite v. Equitable Life Assurance Society* (1986), 141 Ill. App. 3d 855, 490 N.E.2d 1310.) Illinois courts have interpreted the rule to mean that, in the interim between

the announcement of a final judgment in which the judge requires the submission of a written order and the actual signing of that written order, the proceedings are in a temporary state of abeyance, the oral pronouncement being neither appealable nor binding. The practical effect of the rule is that, prior to the filing of the signed judgment, the court may on its own motion, or on the motion of a party, alter its pronouncement. (*McWhite*, 141 Ill. App. 3d 855, 490 N.E.2d 1310.) Since the trial court did not require submission of a written judgment, the oral judgment became final when entered of record, November 3, 1988. *Swisher*, 117 Ill. 2d 376, 512 N.E.2d 1207.

■ A trial court may on motion set aside any final judgment within 30 days after the entry of it. (Ill. Rev. Stat. 1987, ch. 110, par. 2—1207.) However, the court loses jurisdiction over the cause and its final decree is conclusive after 30 days from its entry. (*In re Marriage of Redmer* (1982), 111 Ill. App. 3d 317, 443 N.E.2d 1075.) The trial court in the instant case did not have authority to vacate the default judgment more than 30 days after its entry. No plaudits are extended to plaintiff. As stated heretofore, although aware of defendant's pleadings on file when default judgment was granted, he did not inform the trial court.

We note that our holding does not affect defendant's right to petition for relief from the judgment pursuant to section 2—1401 of the Code of Civil Procedure. Ill. Rev. Stat. 1987, ch. 110, par. 2—1401.

For the above reasons, we answer the questions certified no, no, and yes and remand to the circuit court for further proceedings consistent with this disposition.

Reversed and remanded.

LUND and SPITZ, JJ., concur.