REUBEN H. DONNELLEY CORPORATION, Plaintiff-Appellee, v. LUCIUS C. EARLES III, Defendant-Appellant.

First District (4th Division)   No. 1—93—2111

Opinion filed November 23, 1994.

Deborah King, of Chicago, for appellant.

Jack H. Rottner and Jerome B. Meites, both of McDermott, Will & Emery, of Chicago, for appellee.

JUSTICE CAHILL delivered the opinion of the court:

Defendant, Lucius Earles, appeals from an order entering a default judgment against him and waiving his jury demand. We reverse and remand.

Plaintiff, Reuben Donnelley Corporation (Donnelley), filed a complaint for breach of contract against Earles in June 1987. Earles filed an appearance, answer, and jury demand. The case was given a priority trial date of March 17, 1993. Donnelley's attorney, a witness for Donnelley, and Earles' attorney appeared in court for trial. Earles was not present. The trial court asked Earles' attorney to waive the jury demand. Earles' attorney stated that she could not do so without authorization. She then telephoned Earles, but was unable

to reach him. The court, on its own motion, defaulted Earles, declared that the jury demand had been waived, and held a hearing on the issue of damages. Donnelley called one witness to testify to damages. Earles' attorney cross-examined the witness. The court then made the following three rulings: (1) Earles "is defaulted for failure to appear and defend," (2) "[d]ue to the default, the jury demand is waived," and (3) "the court enters judgment for plaintiff *** in the sum of $12,161.95 plus costs." Earles' timely motion to vacate the judgment was denied.

Earles argues on appeal that the court abused its discretion when it entered a default judgment against him and found that his jury demand was waived based on the default. We agree.

The trial court relied on *Puglisi v. Hansford* (1990), 193 Ill. App. 3d 803, 550 N.E.2d 618, to support its ruling.

*Puglisi* is easily distinguishable. The question certified to the appellate court in *Puglisi* reads:

"Do the provisions of the Constitution of the United States, Amendment[s] VII and XIV, and the provisions of the Constitution of the State of Illinois 1970, Article I, Section 13, prevent the entry of the default judgment against a litigant who makes a timely jury demand but otherwise fails to appear personally *or by her legal representative* when notice by the opposing party specifically states: 'If you do not appear, a motion for judgment by default will be made?'" (Emphasis added.) *Puglisi*, 193 Ill. App. 3d at 805.

In *Puglisi*, the court answered the certified question with a "no" and held "neither the Illinois Constitution nor United States Constitution automatically precludes entry of a default judgment against a party who files a timely jury demand but otherwise fails to appear at trial. *The nonappearing party's actions may constitute a waiver of his previously asserted right.*" (Emphasis added.) (*Puglisi*, 193 Ill. App. 3d at 807.) The record in *Puglisi* reveals that the defendant was on written notice that a default judgment could be entered if he failed to appear. Neither he nor his attorney appeared.

■ Here, none of the elements the court found to comprise a waiver in *Puglisi* are present. Earles' attorney appeared on the day of trial and refused to waive the jury. A notice that a default judgment might be entered if Earles failed to appear was not sent.

■ Donnelley argues that Earles waived all issues on appeal because the argument he makes before this court is not contained in his post-trial motion to vacate the default judgment. We believe the

issue is reviewable under the plain error rule. "The plain error doctrine permits courts of review to take notice of plain errors and defects affecting substantial rights in instances where *** the error affected the fundamental fairness of the proceeding." *In re J.K.* (1992), 229 Ill. App. 3d 569, 573, 594 N.E.2d 433, citing *People v. Hope* (1990), 137 Ill. 2d 430, 475, 560 N.E.2d 849.

Here, the court's error undercut the fundamental fairness of the proceeding. When a defendant files an appearance and places in issue the allegations in the complaint, a trial court cannot enter a default judgment merely because defendant failed to appear at trial. Plaintiff must prove its claim as if defendant had been present to try the case. (*People ex rel. Hartigan v. Organization Services Corp.* (1986), 147 Ill. App. 3d 826, 831, 490 N.E.2d 597.) We find that the court improperly defaulted Earles and improperly declared the jury waived based on the default. We reverse the court's order of March 17, 1993, and remand for further proceedings.

Reversed and remanded.

JOHNSON and THEIS, JJ., concur.