¶ 1 I would pronounce today that, insofar as the prisoner's paperwork should be treated as launching before this court afacial attack upon the constitutional validity of those provisions in 57 O.S. 2001 § 566.2[1] which are said impermissibly to impede the prisoner's forensic access, the cited statute will pass muster under both the due process clauses (federal and state) and under state-law testing for compliance with the terms of Art. 2 § 6, Okla. Const. Affording reasonable protection against abuse of judicial process by those who repeatedly press meritless civil claims lies well within the power of the legislature.[2]
¶ 2 As for an alleged constitutional infirmity in the citedstatute's application to this cause, I would conclude the prisoner failed to offer below any evidentiary material which would show that raising against him the § 566.2's bar would, under the circumstances invoked by the State, offend minimum due process criteria (federal or state) as well as those standards of Oklahoma fundamental law which guarantee him a sine qua nonopportunity for critical civil litigation access.[3]
[1] The terms of 57 O.S. 2001 § 566.2[57-566.2] are:
 "A. A prisoner who has, on three or more prior occasions, while incarcerated or detained in any facility, or while on probation or parole, brought an action or appeal in a court of this state or a court of the United States that has been dismissed on the grounds that the case was frivolous, or malicious, or failed to state a claim upon which relief could be granted, may not proceed in a matter arising out of a civil case, or upon an original action or on appeal without prepayment of all fees required by law, unless the prisoner is under immediate danger of serious physical injury. * * *"
[2] Shabazz v. Keating, 1999 OK 26, 977 P.2d 1089, 1095.
[3] I would neither analyze nor even mention here any equal-protection jurisprudence. Because that Fourteenth Amendment's clause is not tendered for today's testing, I would not speculate either on the viability or applicability of Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620
(1966); Williams v. Illinois, 399 U.S. 235, 240, 90 S.Ct. 2018, 2022, 26 L.Ed.2d 586 (1970); Humphrey v. Cady, 405 U.S. 504,92 S.Ct. 1048, 31 L.Ed.2d 394 (1972). Legislative classification which sets apart a class without any rational basis for its severance from other classes may offend the equal protection clause. If legislative classification is found to be impermissibly narrow, it is subject to judicial condemnation as "underinclusive". Orr v. Orr, 440 U.S. 268, 272, 99 S.Ct. 1102, 1108, 59 L.Ed.2d 306 (1979); Stanton v. Stanton, 421 U.S. 7, 13-14, 95 S.Ct. 1373, 1377, 43 L.Ed.2d 688 (1975); See also Wilson v. Foster, 1979 OK 45, 595 P.2d 1329, 1332.