# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**In re C.J., 2013 IL App (5th) 120474**

---

Appellate Court
Caption

*In re* C.J., C.J., C.B., and C.J., Minors (The People of the State of Illinois, Petitioner-Appellee, v. Chad B., Respondent-Appellant).

District & No.

Fifth District
Docket No. 5-12-0474

Summary Order filed
Motion to publish

February 15, 2013

granted
Opinion filed

March 7, 2013
March 7, 2013

Held

(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*)

The order finding respondent unfit and terminating his parental rights was vacated and the cause was remanded for an evidentiary hearing on the issue of his unfitness, since the order was entered after respondent was found to be in default for failing to appear at a hearing on the petition to terminate his parental rights, but the State failed to introduce any evidence of respondent's unfitness, even though he had previously entered his appearance and contested the allegations in the petition.

Decision Under
Review

Appeal from the Circuit Court of St. Clair County, Nos. 08-JA-22, 08-JA-23, 08-JA-24, 08-JA-25; the Hon. Walter C. Brandon, Jr., Judge, presiding.

Judgment

Order vacated; cause remanded with directions.

Counsel on Appeal      Joel M. Drury, of Joel M. Drury, P.C., of Dupo, for appellant.

Brendan Kelly, State's Attorney, of Belleville (Stephen E. Norris, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People.

Panel      JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.

Justices Chapman and Wexstten concurred in the judgment and opinion.

## OPINION

¶ 1      The respondent, Chad B., appeals the judgment of the circuit court of St. Clair County terminating his parental rights. He argues that the circuit court erred in refusing to set aside the default judgment entered against him. The State has filed a motion for remand, arguing that the circuit court erred in entering a default judgment against Chad B. because no evidence of unfitness was presented. We find the State's motion to be well-taken. For the following reasons, we vacate the order of the circuit court of St. Clair County finding Chad B. to be unfit and terminating his parental rights, and we remand the cause for an evidentiary hearing to determine whether Chad B. is unfit and, if so, whether his parental rights should be terminated.

¶ 2      On March 28, 2008, petitions were filed in the circuit court of St. Clair County alleging that the minors were neglected by their mother, Dawn J. On April 22, 2008, Dawn J. appeared in court and stipulated to the allegations of the neglect petition. The minors were adjudicated neglected and made wards of the court. Following a dispositional hearing, the minors were placed in the custody of the Department of Children and Family Services. Although no allegations of neglect were directed at Chad B., the court found that he should not have custody of the minors because he had not been providing any financial or other support for them and had no established residence.

¶ 3      Ultimately, the State filed petitions to terminate the parental rights of Chad B. and Dawn J. On November 9, 2010, Chad B. appeared in court and counsel was appointed to represent him. Dawn J. did not appear and was found to be in default. On February 15, 2011, Chad B. appeared at a pretrial hearing on the petitions to terminate and the cause was continued to June 7, 2011.

¶ 4      Chad B. failed to appear on June 7, 2011. The circuit court found him in default and the cause was set for disposition on July 5, 2011. On June 28, 2011, Chad B. filed a motion to set aside the default. Chad B. argued that he suffered from a medical condition which required frequent blood pressure monitoring. He stated that on the morning of the hearing

he was at the hospital having his blood pressure monitored, but appeared in court later that morning. The default was set aside without objection from the State, and the cause was continued to October 25, 2011. Chad B. appeared on October 25, 2011, but the hearing was continued until February 7, 2012.

¶ 5 Chad B. did not appear on February 7, 2012, but his attorney was present. Chad B. was found in default. The State recited the allegations of unfitness, but presented no evidence. The circuit court found Chad B. to be unfit and proceeded to a best-interests hearing. At the conclusion of the best-interests hearing, the circuit court found Chad B. to be unfit and that it was in the minors' best interests that his parental rights be terminated. On February 21, 2012, Chad B. filed a motion to set aside the default, arguing that on February 7, 2012, he was confused and disoriented because of difficulty in breathing and reduced oxygen intake. He further argued that he had gone to the hospital on that date and had been admitted on February 8, 2012, for pleural effusion. Following a hearing, Chad B.'s motion to set aside the default was denied. Chad B. filed a timely notice of appeal.

¶ 6 The State has filed a motion requesting that the circuit court's February 7, 2012, order finding Chad B. to be unfit and terminating his parental rights be vacated and the cause remanded for an evidentiary hearing to determine whether the respondent is unfit and, if so, whether his parental rights should be terminated. The State contends that because no evidence of unfitness was presented, the circuit court erred in finding the respondent in default. We agree.

¶ 7 A default judgment may generally be granted only when the defaulted party fails to file an answer or an appearance, and the failure of a party to appear at trial generally does not justify a default judgment. *In re Marriage of Drewitch*, 263 Ill. App. 3d 1088, 1094, 636 N.E.2d 1052, 1057 (1994). When a party files an appearance and places in issue the allegations of the complaint or petition, the circuit court cannot enter a default judgment simply because the party failed to appear for the trial or hearing. *Reuben H. Donnelley Corp. v. Earles*, 268 Ill. App. 3d 263, 265, 643 N.E.2d 1329, 1330 (1994). Instead, the petitioner must prove the allegations of the petition as if the respondent had been present to try the case. *Id.* In the present case, Chad B. entered his appearance and contested the allegations of the petition to terminate his parental rights. The State failed to introduce any evidence of unfitness. Consequently, the circuit court erred in entering a default judgment against him.

¶ 8 For the foregoing reasons, the February 7, 2012, order of the circuit court of St. Clair County finding Chad B. to be an unfit person and terminating his parental rights is vacated, and the cause is remanded for an evidentiary hearing on the issue of unfitness and, if Chad B. is found to be unfit, on the best interests of the minors.

¶ 9 Order vacated; cause remanded with directions.