# United States Court of Appeals
## For the First Circuit

Nos. 14-1954
     14-1971

FAUSTINO GONZÁLEZ-OYARZUN,

Plaintiff, Appellee,

v.

CARIBBEAN CITY BUILDERS, INC.; ME SALVE, INC.;
GIB DEVELOPMENT LLC,

Defendants, Appellees,

COMMONWEALTH OF PUERTO RICO;
OFFICE OF THE COURTS ADMINISTRATION

Interested Parties, Appellants.

APPEALS FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Gustavo A. Gelpí, Jr., U.S. District Judge]

Before

Howard, Chief Judge,
Kayatta and Barron, Circuit Judges.

Juan A. Marqués-Díaz and Isabel Torres-Sastre on brief for appellant, Office of the Courts Administration.
Margarita Mercado-Echegaray, Solicitor General, Andrés González-Berdecía, Assistant Solicitor General, and Office of the Solicitor General, Commonwealth of Puerto Rico on brief for appellant, Commonwealth of Puerto Rico.
Enrique J. Mendoza Méndez and Mendoza Law Offices on brief for appellee, Faustino González-Oyarzun.

Sergio E. Criado, Correa Acevedo & Abesada Law Offices, Carlos R. Paula, Jaime E. Picó-Rodríguez and Labor Counsels, LLC on brief for appellees, Caribbean City Builders, Inc., Me Salve, Inc., and GIB Development, LLC.

---

August 17, 2015

---

**PER CURIAM**.    The district court dismissed this employment dispute on the basis of a valid forum selection clause. It simultaneously issued a declaratory judgment stating that the Seventh Amendment requires Puerto Rico to provide civil litigants with a jury trial.  This latter action was in contravention of binding Supreme Court precedent.  Accordingly, we vacate the declaratory judgment.

## I.

Plaintiff-Appellee Faustino González-Oyarzun brought suit against his employers in the District of Puerto Rico, alleging violations of the Age Discrimination in Employment Act, 29 U.S.C. § 621, and various Puerto Rico statutes.[1]  The employers timely moved to dismiss the complaint; they highlighted González-Oyarzun's separation agreement which included a forum selection clause providing exclusive jurisdiction in the Court of First Instance, San Juan Division.  González-Oyarzun attempted to avoid dismissal by arguing that since the Commonwealth does not provide jury trials in civil cases, and since he did not affirmatively waive his Seventh Amendment right, the forum selection clause was invalid.

---

[1]   The employer-defendants are: Caribbean City Buildings, Inc., Me Salve, Inc., and GIB Development, LLC.  The briefs suggest a dispute as to whether all of the corporate defendants can be considered González-Oyarzun's employer.  As that issue has no bearing on this appeal, we need not resolve it.

Drawn to González-Oyarzun's argument, the district court requested supplemental briefing on whether the Seventh Amendment's jury guarantee applied to the Commonwealth. It simultaneously ordered the plaintiff to serve a copy of the complaint and the court's order, on both the Commonwealth of Puerto Rico and Puerto Rico's Office of Courts Administration.[2]

Ultimately, the district court concluded that the forum selection clause was valid and thus dismissed the case. Its order, however, went further. The court ruled that the Fourteenth Amendment's Due Process Clause incorporated the Seventh Amendment's jury trial right. Thus, in addition to dismissing the case without prejudice to allow the plaintiff to re-file in the proper venue, it entered a declaratory judgment stating "that the Commonwealth of Puerto Rico must afford civil litigants the Seventh Amendment right to a jury trial."[3]

---

[2]  Both the Commonwealth of Puerto Rico and the Office of the Courts Administration contend that the district court lacked personal jurisdiction over them because the plaintiff never served either of them with process as required under Fed. R. Civ. P. 4. However, neither affirmatively argued the service issue until after the district court rendered its decision. Admittedly, this delay may have resulted from the confusing manner in which the district court brought the appellants into the case (i.e., they appear to have been brought in more as amici than as parties involved in the case). In any event, the appellants' failure to timely argue why service was improper limits our ability to consider that argument now. See Fed. R. Civ. P. 12(b).

[3]  The Appellants raise a Tenth and Eleventh amendment challenge to the declaratory judgment. The Tenth Amendment argument goes nowhere since, had the district court's decision been correct, it would have been doing nothing more than declaring

The Commonwealth of Puerto Rico and the Office of the Courts Administration timely appealed; they vigorously challenge the declaratory judgment. Notably, González-Oyarzun did not cross-appeal the district court's conclusion respecting the validity of the forum selection clause, nor did he otherwise appeal the entry of dismissal.

**II.**

We review a district court's decision to grant declaratory relief "under a standard slightly more rigorous than abuse of discretion." Diaz-Fonseca v. Puerto Rico, 451 F.3d 13, 39 (1st Cir. 2006). While we are inclined to "cede some deference to the trier, especially as to findings of fact . . . we will not hesitate to act upon our independent judgment if it appears that a mistake has been made." Id.

In the context of constitutional questions, our review of a declaratory judgment is even more searching. We have noted

---

that a federal constitutional right is enforceable against the states. See, e.g., Duncan v. Louisiana, 391 U.S. 145 (1968).

Meanwhile, the Eleventh Amendment issue is filled with wrinkles (including questions about whether the government entities were technically joined as defendants in the suit such that the Eleventh Amendment would be implicated; whether it was proper for the court to add the government entities rather than government officials; and whether the declaratory relief was proper). Our circuit law permits us to bypass an Eleventh Amendment question where the case presents an easily resolved merits issue, and we choose to do so here. See Parella v. Ret. Bd. of R.I. Employees' Ret. Sys., 173 F.3d 46, 53-57 (1st Cir. 1999).

that "declaratory judgments concerning the constitutionality of government conduct will almost always be inappropriate when the . . . underlying grievance can be remedied for the time being without gratuitous exploration of . . . constitutional terrain." El Dia, Inc. v. Hernandez Colon, 963 F.2d 488, 494 (1st Cir. 1992). Indeed, we have warned that "courts should withhold declaratory relief as a matter of discretion if such redress is unlikely to palliate, or [is] not needed to palliate, the fancied injury." Id.; cf. Pub. Affairs Assocs., Inc. v. Rickover, 369 U.S. 111, 112 (1962); Ernst & Young v. Depositors Econ. Prot. Corp., 45 F.3d 530, 535 (1st Cir. 1995).

In this case, it is at least arguable that the district court abused its discretion when it issued a declaratory judgment on a constitutional issue not directly before it (one, we further note, that neither party requested).[4] In any event, we vacate the judgment for a different reason: it conflicts with binding Supreme Court precedent. The Supreme Court has consistently held that states are not constitutionally required to provide a jury trial

---

[4] The plain language of the Declaratory Judgment Act suggests that a district court can only enter a declaratory judgment when a party explicitly requests one. See 28 U.S.C. § 2201 (permitting a declaratory judgment where an "interested party seek[s] such [a] declaration" and "upon the filing of an appropriate pleading"). We have found no case law addressing that issue nor have the parties briefed it. In light of our disposition, we save the question for another day.

in civil cases.  See City of Monterey v. Del Monte Dunes at Monterey, Ltd., 526 U.S. 687, 719 (1999); Gasperini v. Ctr. for Humanities, Inc., 518 U.S. 415, 432 (1996); Wagner Elec. Mfg. Co. v. Lyndon, 262 U.S. 226, 232 (1923); Chicago, R.I. & P.R. Co. v. Cole, 251 U.S. 54, 56 (1919); N.Y. Cent. R.R. Co. v. White, 243 U.S. 188, 208 (1917); Minneapolis & St. Louis R.R. Co. v. Bombolis, 241 U.S. 211, 217 (1916); cf. Pearson v. Yewdall, 95 U.S. 294, 296 (1877); Walker v. Sauvinet, 92 U.S. 90, 92-93 (1875).  Nor, despite the district court's insinuation otherwise, did the Supreme Court expressly overrule that precedent in McDonald v. City of Chicago, 561 U.S. 742 (2010).  See Rodriguez de Quijas v. Shearson/Am. Express, Inc., 490 U.S. 477, 484 (1989) ("If a precedent of this Court has direct application in a case, yet appears to rest on reasons rejected in some other line of decisions, the Court of Appeals should follow the case which directly controls.")  Indeed, neither time the McDonald court referenced the Seventh Amendment did it purport to overrule any prior case.

The Court first considered the Seventh Amendment issue in McDonald by benignly stating: "[o]nly a handful of the Bill of Rights protections remain unincorporated."  McDonald, 561 U.S. at 765.  Admittedly, the footnote attached to that statement remarked "[o]ur governing decisions regarding . . . the Seventh Amendment's civil jury requirement long predate the era of selective incorporation."  Id. at 765 n.13.  However, such a purely factual

- 7 -

statement does not compel the conclusion that the precedent is somehow overruled.

The Court's second reference to the Seventh Amendment is perhaps more telling. In discussing its trend towards a "total incorporation" theory, it noted that a fundamental right will be fully binding on the states "unless stare decisis counsels otherwise." Id. at 784. The Court inserted a footnote at the end of that statement, wherein it explicitly referenced the grand jury clause of the Fifth Amendment and the civil jury requirement of the Seventh Amendment. Id. at 784 n.30. Although the Court acknowledged a trend of expanding the scope of incorporated rights, it also clarified -- by referencing the principle of stare decisis -- that its Seventh Amendment incorporation cases are still binding.

As such, the district court erred in suggesting that McDonald overruled the prior Seventh Amendment decisions. And, given those previous cases, the district court's declaratory judgment was manifestly improper.

## III.

We therefore **vacate** the portion of the district court's judgment declaring that the Commonwealth of Puerto Rico must afford civil litigants a jury trial, and we **remand** solely for the district court to enter an amended judgment consistent with this opinion. Each party shall bear its own costs of appeal.

- 8 -